983 So.2d 502 (2008)
James L. TATE, Jr., Petitioner,
v.
Walter A. McNEIL, etc., Respondent.
No. SC07-689.
Supreme Court of Florida.
March 13, 2008.
Rehearing Denied May 27, 2008.
James L. Tate, Jr., pro se, Bowling Green, FL, for Petitioner.
PER CURIAM.
James L. Tate, Jr., an inmate in state custody, filed a pro se "Petition for Writ of Mandamus," which has been treated as a petition for a writ of habeas corpus.[1] For years, Tate has been futilely seeking vacation of his conviction and sentence in case 93-580CFA in the Nineteenth Judicial Circuit in and for Martin County, Florida. Tate's instant petition also seeks to vacate that conviction and sentence.
According to Tate's petition, he was tried by a jury, and on December 22, 1994, he was convicted of attempted first-degree murder in the Nineteenth Judicial Circuit, in and for Martin County, Florida. On March 27, 1995, the district court per curiam affirmed the judgment of guilt and sentence imposed by the trial court. See Tate v. State, 671 So.2d 798 (Fla. 4th DCA 1996) (table).
Since Tate's conviction and sentence became final, he has filed numerous petitions in this and other courts related to his conviction and sentence in case 93-580CFA. Tate filed the instant petition on April 9, 2007; he also filed amendments or supplements to the petition on May 29, 2007, June 8, 2007, and June 22, 2007. After Tate's petition had been submitted to the Court for consideration, in August and September 2007, Tate filed several other filings that essentially reiterated his claims for relief.
*503 On October 31, 2007, the Court issued an order dismissing Tate's petition in this case, pursuant to Baker v. State, 878 So.2d 1236 (Fla.2004). In so doing, the Court expressly retained jurisdiction to pursue possible sanctions against Tate, and on the same date, the Court ordered Tate to show cause why he should not be barred from filing any further pro se requests for relief related to his conviction and sentence in case 93-580CFA.
In his response to the order to show cause, Tate argues that the Court should refrain from barring him for two reasons. First, he maintains that he is innocent of the crime for which he was convicted in case 93-580CFA. Second, he argues that there were multiple constitutional violations and procedural infirmities in the criminal proceedings below. Having considered Tate's response, the Court finds Tate has failed to show cause why he should not be sanctioned. In so doing, the Court now imposes sanctions as prescribed below.
Since July 2002, including this petition, Tate has initiated eighteen separate proceedings in this Court. The Court has never granted Tate the relief he has requested. See Tate v. McDonough, No. SC07-689 (Fla. Oct.31, 2007) (habeas corpus petition dismissed as unauthorized); Tate v. McDonough, 944 So.2d 346 (Fla. 2006) (habeas corpus petition dismissed as unauthorized); Tate v. McDonough, 937 So.2d 1100 (Fla.) (habeas corpus petition denied as successive), cert. denied, ___ U.S. ___, 127 S.Ct. 504, 166 L.Ed.2d 377 (2006); Tate v. State, 937 So.2d 666 (Fla.) (mandamus petition dismissed pursuant to Pettway v. State, 776 So.2d 930 (Fla.2000)), cert. denied, ___ U.S. ___, 127 S.Ct. 501, 166 L.Ed.2d 374 (2006); Tate v. McDonough, 935 So.2d 1220 (Fla.2006); Tate v. McDonough, No. SC06-672 (Fla. Apr. 21, 2006) (habeas corpus petition transferred); Tate v. McDonough, No. SC06-565 (Fla. Apr. 10, 2006) (habeas corpus petition transferred); Tate v. Crosby, No. SC04-1214 (Fla. Jul.25, 2005) (mandamus petition denied pursuant to Huffman v. State, 813 So.2d 10 (Fla.2000)); Tate v. State, 905 So.2d 126 (Fla.2005) (discretionary review denied); Tate v. State, No. SC03-1337, 886 So.2d 227 (Fla. Oct.4, 2004) (mandamus petition dismissed pursuant to Stallworth v. Moore, 827 So.2d 974 (Fla.2002)); Tate v. Crosby, No. SC04-1748 (Fla. Sept. 15, 2004) (mandamus petition transferred); Tate v. State, 880 So.2d 1213 (Fla.2004) (request for discretionary review dismissed pursuant to Stallworth); Tate v. State, No. SC04-294 (Fla. Mar. 19, 2004) (notice of appeal transferred); Tate v. State, No. SC03-2457, 870 So.2d 824 (Fla. Mar. 1, 2004) (request for discretionary review dismissed pursuant to Jenkins v. State, 385 So.2d 1356 (Fla.1980)); Tate v. State, No. SC03-1956, 861 So.2d 431 (Fla. Nov.13, 2003) (request for discretionary review dismissed pursuant to Stallworth); Tate v. State, No. SC03-1883 (Fla. Oct.4, 2004) (habeas corpus petition dismissed pursuant to Stallworth); Tate v. State, No. SC03-415 (Fla. Mar. 19, 2003) (mandamus petition transferred); Tate v. State, No. SC02-1558 (Fla. Sept.25, 2002) (notice of appeal transferred).
These petitions were either, like the instant petition, inappropriate for review in this Court or devoid of merit. Tate's response to this Court's order to show cause merely reargues the merits of his claims for relief in this case and, therefore, fails to show cause why he should not be sanctioned.
This Court and the United States Supreme Court have, when deemed necessary, exercised the inherent judicial authority to sanction an abusive litigant. See, e.g., Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 113 S.Ct. *504 397, 121 L.Ed.2d 305 (1992); In re Sindram, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991); In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989); Sibley v. Fla. Jud. Qual. Comm'n, 973 So.2d 425 (Fla.2006); Lanier v. State, 908 So.2d 332 (Fla.2005); Jean v. State, 906 So.2d 1055 (Fla.2005); Armstead v. State, 817 So.2d 841 (Fla.2002); Peterson v. State, 817 So.2d 838 (Fla.2002); Jackson v. Fla. Dep't of Corr., 790 So.2d 398 (Fla.2001); Rivera v. State, 728 So.2d 1165 (Fla.1998); Attwood v. Singletary, 661 So.2d 1216 (Fla. 1995).
One justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings. See Martin, 506 U.S. at 3, 113 S.Ct. 397 (imposing sanction where petitioner's filings for certiorari review had a deleterious effect on the Court's fair allocation of judicial resources); see also Peterson, 817 So.2d at 840 ("This Court has a responsibility to ensure every citizen's right of access to the courts. . . . A limitation on [the petitioner's] ability to file would further the constitutional right to access for other litigants because it would permit this Court to devote its finite resources to the consideration of legitimate claims filed by others.").
As noted by the United States Supreme Court, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. at 184, 109 S.Ct. 993.
Upon a thorough review of Tate's filings in this Court, we conclude that Tate has abused the processes of the Court and has hindered the ability of this Court to properly resolve those matters that are properly before it. We conclude that sanctions are merited here.
Accordingly, in order to preserve the right of access for all litigants and promote the interests of justice, the Clerk of this Court is hereby instructed to reject for filing any future pleadings, petitions, motions, documents, or other filings submitted by James L. Tate, Jr., that are related to his conviction and sentence in case 93-580CFA, unless signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Tate is not wholesale being denied access to the courts. He may petition the Court about his conviction and sentence in case 93-580CFA through the assistance of counsel, whenever such counsel determines that the proceeding may have merit and can be filed in good faith. However, Tate's abusive filings must immediately come to an end.
Further, if Tate submits any more filings that violate this order, he may be subjected to further appropriate sanctions including but not limited to the Clerk of this Court forwarding a certified copy of this Court's finding that Tate's filings are frivolous or malicious to the appropriate Florida Department of Corrections institution or facility pursuant to section 944.279(1), Florida Statutes (2007).
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.