PER CURIAM.
 

 Antonio Johnson, an inmate in state custody, filed two pro se petitions seeking extraordinary relief from the Court, both challenging the lawfulness of Johnson’s 1998 conviction for armed robbery and resulting life sentence entered by the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, in Case No. F97-32329.
 
 [1]
 
 The cases were consolidated and the petitions
 
 *1081
 
 denied on April 22, 2010.
 
 Johnson v. Rundle,
 
 36 So.3d 84 (Fla.2010) (table). The Court retained jurisdiction for purposes of sanctioning based upon Johnson’s repeated filing of frivolous actions attacking his judgment in case number F97-32329. Accordingly, the Court directed Johnson to show cause why he should not be barred from filing further pleadings or other papers pertaining to his 1998 judgment, unless such filings are signed by a member of The Florida Bar in good standing. We now sanction Johnson.
 

 For several years, Johnson has unsuccessfully sought relief from this Court. Undaunted, Johnson filed a petition for writ of quo warranto (Case No. SC10-35) on January 1, 2010, and a petition for writ of habeas corpus (Case No. SC10-207) on February 2, 2010. Specifically, since 2004, Johnson has initiated a total of sixteen proceedings in this Court seeking extraordinary relief pertaining to his conviction and sentence entered by the Eleventh Circuit in Case No. F97-32329.
 
 See Johnson v.
 
 Rundle, No. SC09-2150 (Fla. Feb. 10, 2010) (petition for quo warranto transferred to circuit court) (unpublished);
 
 Johnson v. McNeil,
 
 17 So.3d 292 (Fla.2009) (habeas corpus petition dismissed) (table);
 
 Johnson v. State,
 
 13 So.3d 1056 (Fla.2009) (mandamus petition dismissed) (table);
 
 Johnson v. McNeil,
 
 No. SC09-53 (Fla. Mar. 12, 2009) (petition for writ of quo warranto transferred to circuit court) (unpublished);
 
 Johnson v. State,
 
 No. SC08-1156 (Fla. July 24, 2008) (petition for writ of habeas corpus transferred to circuit court for consideration as rule 3.850 or 3.800(a) motion) (unpublished);
 
 Johnson v. State,
 
 985 So.2d 1091 (Fla.2008) (all writs petition dismissed) (table);
 
 Johnson v. McDonough,
 
 No. SC07-2228 (Fla. Jan. 23, 2008) (petition for writ of mandamus transferred) (unpublished);
 
 Johnson v. Florida Dept. of Corrections,
 
 No. SC07-2269 (Fla. Dec. 26, 2007) (transfer of petition for writ of mandamus for consideration in pending case) (unpublished);
 
 Johnson v. McDonough,
 
 969 So.2d 1013 (Fla.2007) (habeas corpus petition dismissed) (table);
 
 Johnson v. McDonough,
 
 966 So.2d 967 (Fla.2007) (mandamus petition dismissed) (table);
 
 Johnson v. State,
 
 962 So.2d 337 (Fla.2007) (petition for writ of quo warranto denied) (table);
 
 Johnson v. Bateman,
 
 No. SC07-1018 (Fla. Jun. 26, 2007) (petition for writ of quo warranto treated as notice of appeal and transferred to the First District Court of Appeal) (unpublished);
 
 Johnson v. State,
 
 939 So.2d 1059 (Fla.2006) (all writs petition denied) (table);
 
 Johnson v. State,
 
 881 So.2d 1112 (Fla.2004) (petition for writ of habeas corpus dismissed) (table).
 

 This Court has the “inherent judicial authority to sanction an abusive litigant.”
 
 Sibley v. Fla. Judicial Qualifications Comm’n,
 
 973 So.2d 425 (Fla.2006). In response to the Court’s order, rather than show cause why he should not be sanctioned for his abusive filings, Johnson continues to assert that his filings were not abusive, were meritorious, and that this Court is the proper forum for him to continually seek redress of the many injustices he claims have been thrust upon him. Johnson also asks that the Court review his “meritorious pleadings” appended to the response, and that the petition for writ of habeas corpus in Case No. SC10-207 be reconsidered by the Court as one seeking mandamus. Thus, Johnson’s response to the show cause order highlights the necessity of the sanction we now impose.
 

 Johnson also claims that this Court has never considered the difficulties a barring order might impose on a pro se litigant. To the contrary, this Court has long maintained that such orders “should not be construed as a diminution of our support for the principle of free access to the
 
 *1082
 
 courts.”
 
 Attwood v. Singletary,
 
 661 So.2d 1216, 1217 (Fla.1995). Sanctioning abusive litigants by prohibiting pro se pleadings and requiring all prospective filings with the Court be signed by a member of The Florida Bar in good standing furthers the right of access. The sanction does so by providing the Court the opportunity to devote “finite resources to the consideration of legitimate claims of persons who have not abused the process.”
 
 Id.; see also Pettway v. McNeil,
 
 987 So.2d 20, 22 (Fla.2008) (“One justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings”).
 

 As we have concluded in similar cases, under the facts of this case, “[t]here is a strong inference that unless he is stopped, [Johnson] will continue filing nonmeritorious requests for relief in this Court,”
 
 Pettway,
 
 987 So.2d at 22, regarding his conviction and sentence in
 
 State v. Johnson,
 
 Case No. F97-32329.
 
 See Lanier v. State,
 
 982 So.2d 626, 627-28 (Fla.2008);
 
 Tate v. McNeil,
 
 983 So.2d 502, 504 (Fla.2008);
 
 Jackson v. Florida Dept. of Corrections,
 
 790 So.2d 398, 401-2 (Fla.2001). Accordingly, we hereby direct the Clerk of this Court to accept no further pleadings or other requests for relief relating to case number 97-32329 from Johnson for filing unless submitted and signed by a lawyer in good standing as a member of The Florida Bar.
 

 Furthermore, since we have in this opinion found that Johnson has repeatedly initiated frivolous proceedings, we direct the Clerk of this Court, pursuant to section 944.279(1); Florida Statutes (2010), to forward a certified copy of this opinion to the Department of Corrections institution where Johnson is incarcerated.
 

 It is so ordered.
 

 CANADY, C.J., and-PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 3(b)(8), Fla. Const.; art. V, § 3(b)(9), Fla. Const.