PER CURIAM.
Willie James, an inmate in state custody, filed a pro se petition for writ of habeas corpus with this Court seeking relief from an allegedly illegal sentence.[1] We denied the petition in this case by way of an unpublished order, determining that it raised a repetitive claim addressed in a previous petition filed in this Court. See James v. McNeil, No. SC10-2045, 2011 WL 386820 (Fla. Jan. 31, 2011). However, in disposing of the petition in this case, we expressly retained jurisdiction to pursue possible sanctions against James. See Fla. R.App. P. 9.410(a).
*232 James was tried, convicted, and sentenced for committing robbery in Broward County, Florida (17th Judicial Circuit Court Case No. 93-13851-CF10A). Because the trial court determined that James qualified as a habitual felony offender (HFO), on September 30, 1993, it imposed the sixty-year sentence that James is presently serving. In the decades since his criminal case became final, James has unsuccessfully used numerous vehicles in the state courts attempting to obtain relief from what he believes is an illegally enhanced sentence. However, it is patently evident from the record before this Court that James’s sixty-year sentence has been fully litigated in the appropriate courts below, to no avail for him.
Since 2007, James has filed multiple petitions with this Court seeking relief based on his illegal sentence claim. And in none of the petitions James filed in this Court, has any relief been granted to him concerning his sixty-year prison sentence.[2] Because the petition filed in this case was wholly without merit, we issued an order directing James to show cause why he should not be prohibited from filing any further pro se filings related to case number 93-13851-CF10A.[3] James’s response fails to show cause why he should not be sanctioned. Furthermore, based on the meritless claim presented by James, we conclude that the pro se petition filed in this case is a frivolous filing submitted to this Court by a state inmate. See § 944.279, Fla. Stat. (2010). We take notice that James has compiled a history of pro se filings that, like the instant petition, were devoid of merit or inappropriate for review in this Court.
Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Willie James that are related to circuit court case number 93-13851-CF10A, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on James’s behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[4] Furthermore, since we have found James’s petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2010), to forward a certified copy of this opinion to the Department of Corrections’ institution or facility where James is incarcerated.[5]
It is so ordered.
*233 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.

. See James, No. SC10-2045 (habeas corpus petition denied as procedurally barred); James v. McNeil, 36 So.3d 84 (Fla. Apr. 23, 2010) (No. SC10-360) (habeas corpus petition denied as a repetitive petition); James v. State, 22 So.3d 538 (Fla. Sep. 3, 2009) (No. SC09-1017) (mandamus petition denied as procedurally barred); James v. State, 1 So.3d 172 (Fla. Jan. 8, 2009) (No. SC08-1769) (all writs petition dismissed for lack of jurisdiction); James v. McDonough, 973 So.2d 1121 (Fla. Dec. 11, 2007) (No. SC07-2209) (habeas corpus petition dismissed for lack of jurisdiction pursuant to Grate v. State, 750 So.2d 625 (Fla.1999)).

. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999) (“[I]t is important for courts to first provide notice and an opportunity to respond before preventing [a] litigant from bringing further attacks on his or conviction and sentence.”).

. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing scarce judicial resources in this Court. See, e.g., Johnson v. Rundle, 59 So.3d 1080 (Fla.2011); Steele, v. State, 14 So.3d 221 (Fla.2009); Pettway v. McNeil, 987 So.2d 20 (Fla.2008); Tate v. McNeil, 983 So.2d 502 (Fla.2008).

. See, e.g., Johnson, 59 So.3d at 1080; Steele, 14 So.3d at 221.