PER CURIAM.
Shernerd Richardson, an inmate in state custody, filed a pro se petition for writ of habeas corpus with this Court challenging his conviction and sentence.[1] We dismissed the petition in this case by way of an unpublished order, determining that the petition was unauthorized pursuant to Baker v. State, 878 So.2d 1236 (Fla.2004).[2] *266 In disposing of the petition in this case, we expressly retained jurisdiction to pursue possible sanctions against Richardson.[3] See generally Fla. R.App. P. 9.410(a).
Richardson was convicted and sentenced to a term of imprisonment for committing a sex offense in Levy County, Florida (circuit court case number 2005-CF-00252). Richardson appealed his conviction and sentence to the First District Court of Appeal, which affirmed the conviction and the sentence. Richardson v. State, 986 So.2d 606 (Fla. 1st DCA 2008) (table decision). Since his criminal case became final, Richardson has unsuccessfully brought numerous collateral proceedings in the district court below seeking relief related to his criminal case.[4] However, it is patently evident from the record before this Court that Richardson is not entitled to bring further collateral attacks on his criminal case.
Since December 2010, Richardson has filed multiple extraordinary writ petitions with this Court seeking relief related to his criminal case. We note that in none of the petitions Richardson filed in this Court has any relief been granted to him.[5] Because the petition in this case was Richardson’s eleventh extraordinary writ petition filed *267 with this Court, we issued an order directing him to show cause why he should not be prohibited from filing any further pro se filings in this Court related to circuit court case number 2005-CF-00252.[6] After considering Richardson’s response, we conclude that it fails to show cause why he should not be sanctioned. We further conclude that Richardson’s unauthorized petition is a frivolous proceeding brought to this Court by a prisoner. See § 944.279, Fla. Stat. (2011). Richardson has compiled a history of pro se filings that, like the instant petition, were either devoid of merit or inappropriate for review in this Court.
Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Shernerd Richardson that are related to circuit court case number 2005-CF-00252, unless such filings are signed by a member in good standing of the The Florida Bar. Counsel may file on Richardson’s behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[7] Furthermore, since we have found Richardson’s petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2011), to forward a certified copy of this opinion to the Department of Corrections’ institution or facility where Richardson is incarcerated.[8]
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.

. See id. at 1245-46 (“[W]e will dismiss as unauthorized, habeas corpus petitions filed by noncapital defendants that seek the kind of collateral postconviction relief available through a motion filed in the sentencing court, and which (1) would be untimely if considered as a motion for postconviction relief under rule 3.850, (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be considered a second or successive motion under rule 3.850 that either fails to allege new or different *266 grounds for relief, or alleges new or different grounds for relief that were known or should have been known at the time the first motion was filed.”).

. Richardson v. Tucker, No. SC11-1857, 2011 WL 6396567 (Fla. Dec. 19, 2011) (dismissing the petition, and ordering petitioner to show cause why sanctions should not be imposed and why the petition should not be deemed frivolous for purposes of applying section 944.279, Florida Statutes (2011)).

. See, e.g., Richardson v. State, 55 So.3d 673 (Fla. 1st DCA 2011) (No. 1D10-6008) (dismissing habeas corpus petition pursuant to Baker); Richardson v. State, 70 So.3d 609 (Fla. 1st DCA 2011) (No. 1D10-5842) (dismissing habeas corpus petition pursuant to Baker, and barring further pro se filings concerning circuit court case 05-CF-252); Richardson v. State, 48 So.3d 913 (Fla. 1st DCA 2010) (No. 1D10-5601) (denying habeas corpus petition); Richardson v. State, 48 So.3d 887 (Fla. 1st DCA 2010) (No. 1D10-5048) (dismissing habeas corpus petition pursuant to Baker); Richardson v. State, 41 So.3d 393 (Fla. 1st DCA 2010) (No. 1D10-3609) (denying habeas corpus petition); Richardson v. State, 45 So.3d 479 (Fla. 1st DCA 2010) (No. 1D10-2389) (denying habeas corpus petition); Richardson v. State, No. 1D10-744 (Fla. 1st DCA Apr. 9, 2010) (denying mandamus petition); Richardson v. State, 23 So.3d 856 (Fla. 1st DCA 2009) (No. 1D09-4687) (denying mandamus petition) (table decision); Richardson v. State, No. 1D09-2808 (Fla. 1st DCA Sept. 30, 2009) (dismissing mandamus petition (voluntary)); Richardson v. State, No. 1D09-4026 (Fla. 1st DCA Sept. 24, 2009) (dismissing mandamus petition); Richardson v. State, 7 So.3d 1157 (Fla. 1st DCA 2009) (No. 1D09-1695) (denying mandamus petition) (table decision); Richardson v. State, No. 1D08-5756 (Fla. 1st DCA Dec. 31, 2008) (dismissing mandamus petition as moot).

.See, e.g., Richardson v. Tucker, 75 So.3d 1245 (Fla.2011) (No. SC11-1600) (dismissing quo warranto petition) (table decision); Richardson v. Tucker, 71 So.3d 117 (Fla.2011) (No. SC11-1373) (dismissing habeas corpus petition pursuant to Baker) (table decision); Richardson v. Buss, 69 So.3d 278 (Fla.2011) (No. SC11-1317) (dismissing with prejudice quo warranto petition) (table decision); Richardson v. Buss, 68 So.3d 235 (Fla.2011) (No. SC11-861) (dismissing with prejudice, habeas corpus petition) (table decision); Richardson v. State, 64 So.3d 1261 (Fla.2011) (No. SC11-657) (denying in part, dismissing in part mandamus petition) (table decision); Richardson v. Buss, 60 So.3d 1055 (Fla.2011) (No. SC11-541) (dismissing habeas corpus petition pursuant to Baker) (table decision); Richardson v. Buss, 57 So.3d 847 (Fla.2011) (No. SC11-278) (dismissing habeas corpus petition pursuant to Baker) (table decision); Richardson v. McNeil, 53 So.3d 1022 (Fla.2011) (No. SC10-2332) (dismissing habeas corpus petition pursuant to Baker) (table decision); Richardson v. State, 50 So.3d 603 (Fla.2010) (No. SC 10-2084) (dismissing mandamus petition as moot) (table decision).

. See State v. Spencer, 751 So.2d 47, 48 (Fla. 1999) ("[I]t is important for courts to first provide notice and an opportunity to respond before preventing that litigant from bringing further attacks on his conviction and sentence.”).

. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing scarce judicial resources in this Court. See, e.g., James v. Tucker, 75 So.3d 231 (Fla.2011); Johnson v. Rundle, 59 So.3d 1080 (Fla.2011); Steele v. State, 14 So.3d 221 (Fla.2009); Pettway v. McNeil, 987 So.2d 20 (Fla.2008); Tate v. McNeil, 983 So.2d 502 (Fla.2008).

.See, e.g., James, 75 So.3d at 232; Johnson, 59 So.3d at 1082; Steele, 14 So.3d at 224.