PER CURIAM.
James Nelson, an inmate in state custody, filed a pro se petition for writ of mandamus with this Court.[1] We denied the petition in this case by way of an unpublished order, determining that Nelson had failed to show a clear legal right to the relief requested, pursuant to Huffman v. State, 813 So.2d 10, 11 (Fla.2000).[2] In disposing of the petition in this case, we expressly retained jurisdiction to pursue possible sanctions against Nelson.[3] See Fla. R.App. P. 9.410(a).
Nelson was convicted of attempted murder, among other crimes, in Duval County, Florida (circuit court case number 98-14227), and was sentenced to various terms of imprisonment, including a fifty-five-year term. Nelson appealed his convictions and sentences to the First District Court of Appeal, which affirmed the judgments of guilt and the sentences imposed. Nelson v. State, 816 So.2d 1177 (Fla. 1st DCA 2002).
Since his criminal convictions and sentences became final, Nelson has filed sixteen cases in this Court,[4] a number of which sought relief in connection with his convictions and sentences in circuit court case number 98-14227. These filings consisted of extraordinary writ petitions as well as filings seeking to invoke this Court’s discretionary jurisdiction.[5] More *891 over, Nelson has filed voluminous amounts of paperwork in various cases, and this Court has stricken many of his pleadings as untimely, as unauthorized, or for failure to comply with the appropriate rules. Nelson has not received any relief from this Court in connection with any of the petitions he has filed here. Nelson’s filings were either devoid of merit or inappropriate for review in this Court.
Because the petition filed in this case was without merit, and because Nelson has submitted multiple other meritless filings seeking relief relating to his criminal case, we issued an order directing Nelson to show cause why he should not be prohibited from filing any further pro se filings in this Court related to circuit court ease number 98-14227.[6] After considering Nelson’s response to the order to show cause, we conclude that it fails to show cause why sanctions should not be imposed. We further conclude that Nelson’s mandamus petition in the instant case (including his supplement), which consists of over ninety pages of rambling allegations, is a frivolous proceeding brought to this Court by a prisoner. See § 944.279, Fla. Stat. (2012).
Accordingly, in light of Nelson’s ongoing pattern of abuse of the judicial process, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by James Nelson that are related to circuit court case number 98-14227, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Nelson’s behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[7] Furthermore, since we have found Nelson’s petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), to forward a certified copy of this opinion to the Department of Corrections’ institution or facility where Nelson is incarcerated.[8]
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(8), Fla. Const.

. See id. ("In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available.”).

. Nelson v. Tucker, 90 So.3d 272 (Fla.2012) (table) (denying the petition and ordering Nelson to show cause why he should not be prevented from filing further pro se pleadings and other papers pertaining to his criminal conviction and sentence in circuit court case number 98-14227, unless signed by a member in good standing of The Florida Bar).

. One of these cases, case number SC 12-2428, is currently pending before the Court.

. See Nelson v. Tucker, 90 So.3d 272 (No. SCI 1-2482) (Fla.2012) (table) (mandamus pe *891 tition — denied); Nelson v. State, 34 So.3d 2 (No. SC09-1774) (Fla.2010) (table) (mandamus petition — dismissed); Nelson v. McNeil, 992 So.2d 820 (No. SC08-1439) (Fla.2008) (table) (habeas corpus petition — dismissed); Nelson v. Fla. Dept. of Corr., 975 So.2d 1134 (No. SC07-280) (Fla.2008) (table) (mandamus petition — denied); see also Nelson v. State, 99 So.3d 944 (No. SC12-134) (Fla.2012) (table) (notice to invoke the Court’s discretionary jurisdiction — review denied); Nelson v. State, 45 So.3d 461 (No. SC10-1728) (Fla.2010) (table) (notice to invoke the Court's discretionary jurisdiction — dismissed for lack of jurisdiction); Nelson v. State, 44 So.3d 107 (No. SC 10-1605) (Fla.2010) (table) (notice to invoke the Court’s discretionary jurisdiction— dismissed for lack of jurisdiction).

. See State v. Spencer, 751 So.2d 47, 48-49 (Fla.1999) (stating that prior to the imposition of sanctions, a court must afford the litigant a meaningful opportunity to show cause why the sanctions are inappropriate).

. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for the scarce judicial resources of this Court. See, e.g., James v. Tucker, etc., 75 So.3d 231 (Fla.2011); Johnson v. Rundle, 59 So.3d 1080 (Fla.2011); Steele v. State, 14 So.3d 221 (Fla. 2009); Pettway v. McNeil, 987 So.2d 20 (Fla.2008); Tate v. McNeil, 983 So.2d 502 (Fla.2008).

. See, e.g., James, 75 So.3d at 232; Johnson, 59 So.3d at 1082; Steele, 14 So.3d at 224.