PER CURIAM.
Henry Myles, an inmate in state custody, filed a pro se habeas petition in this Court, seeking to challenge his 1982 conviction and life sentence for capital sexual battery in Putnam County, circuit court case number 1982-4-CF-J-16. Myles previously appealed his conviction and sentence, and the Fifth District Court of Appeal affirmed on December 1, 1983. Myles v. State, 443 So.2d 1001 (Fla. 5th DCA1983) (table). We dismissed the petition in this case as unauthorized under Baker v. State, 878 So.2d 1236 (Fla.2004). Additionally, because this case is the twenty-third pro se extraordinary writ proceeding Myles has initiated in this Court pertaining to his conviction in case number 1982-4-CF-J-16,[1] we retained jurisdiction *1100 and ordered Myles to show cause why he should not be barred from further pro se filings related to that criminal case and why the Court should not determine that his filing in this case is frivolous under section 944.279, Florida Statutes (2012).[2] Petitioner Myles filed a response to this order.
After considering Myles’ response, we conclude that it fails to show cause why he should not be sanctioned. Myles has compiled a history of pro se filings in this Court that were devoid of merit or inappropriate for review in this Court. We further conclude that Myles’ petition in this case is a frivolous proceeding initiated by a prisoner, under section 944.279, Florida Statutes (2012).
Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Henry Myles pertaining to Putnam County circuit court case number 1982-4-CF-J-16, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Myles’ behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[3] Furthermore, since we have found the petition in this case to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2012,) to forward a certified copy of this opinion to the Department of Corrections’ institution or facility where Myles is incarcerated.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. Myles’ previous proceedings in this Court are as follows: Myles v. Smith, Clerk, No. SC09-1221 (Fla. Sep. 11, 2009) (mandamus petition seeking to compel the clerk of the circuit court to provide certain records, transferred to the circuit court); Myles v. McNeil, 18 So.3d 1038 (Fla.2009) (habeas corpus petition seeking immediate release from custody, dismissed) (No. SC09-933); Myles v. State, 12 So.3d 220 (Fla.2009) (mandamus petition, administratively dismissed) (No. SC09-935); Myles v. State, 1 So.3d 172 (Fla.2009) (mandamus petition, dismissed as facially insufficient) (No. SC08-2118); Myles v. McNeil, 999 So.2d 645 (Fla.2008) (habeas corpus petition seeking relief from an illegal sentence, dismissed) (No. SC08-2080); Myles v. State, 948 So.2d 759 (Fla.2006) (habeas corpus petition seeking collateral criminal relief, dismissed) (No. SC06-1039); Myles v. State, 939 So.2d 1059 (Fla.2006) (mandamus petition seeking collateral criminal relief, dismissed) (No. SC06-585); Myles v. State, No. SC05-1678 (Fla. Dec. 23, 2005) (mandamus petition, transferred to the district court for consideration as a notice of appeal); Myles v. State, No. SC05-1603 (Fla. Sep. 27, 2005) (habeas corpus seeking action by the clerk of court, transferred to the circuit court); Myles v. State, 902 So.2d 791 (Fla.2005) (habeas corpus petition seeking collateral criminal relief, dismissed) (No. SC05-425); Myles v. Peacock, No. SC04-2491 (Fla. Apr. 21, 2005) (mandamus petition alleging unlawful prison conditions, transferred to the circuit court); Myles v. State, No. SC05-89 (Fla. Mar. 3, 2005) (mandamus petition alleging prison officials denying petitioner’s access to court, transferred to the circuit court); Myles v. Florida Bar, 898 So.2d 80 (Fla.2005) (mandamus petition seeking an order directing the Bar to perform an investigation, denied) (No. SC041764); Myles v. State, 892 So.2d 1013 (Fla.2004) (habeas corpus petition seeking collat *1100 eral criminal relief, voluntarily dismissed) (No. SC04-934); Myles v. State, 879 So.2d 623 (Fla.2004) (habeas corpus petition requesting that the circuit court be compelled to provide certain records, voluntarily dismissed) (No. SC04-798); Myles v. State, 879 So.2d 623 (Fla.2004) (mandamus petition requesting that the circuit court be compelled to provide certain records, voluntarily dismissed) (No. SC03-2371); Myles v. State, No. SC03-1497 (Fla. Sep. 9, 2003) (mandamus petition requesting that the circuit court be compelled to provide certain records, transferred to the district court); Myles v. State, 845 So.2d 891 (Fla.2003) (mandamus petition requesting that the circuit court be compelled to provide certain records, voluntarily dismissed) (No. SC03-96); Myles v. State, 837 So.2d 411 (Fla.2003) (mandamus petition requesting that the circuit court be compelled to provide certain records, voluntarily dismissed) (No. SC02-2662); Myles v. State, 805 So.2d 808 (Fla.2001) (habeas corpus petition seeking collateral criminal relief, denied) (No. SC01-1148); Myles v. State, 676 So.2d 413 (Fla.1996) (habeas corpus petition seeking collateral criminal relief, denied) (No. 87,929); Myles v. Dugger, 537 So.2d 569 (Fla.1988) (habeas corpus petition seeking collateral criminal relief, denied) (No. 73,083).

. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999) ("[I]t is important for the courts to first provide notice and an opportunity to respond before preventing [a] litigant from bringing further attacks on his or her conviction and sentence.”).

. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing the scarce judicial resources of this Court. See, e.g., McCutcheon v. State, 117 So.3d 769 (Fla.2013); James v. Tucker, 75 So.3d 231 (Fla.2011); Johnson v. Rundle, 59 So.3d 1080 (Fla.2011); Steele v. State, 14 So.3d 221 (Fla.2009); Pettway v. McNeil, 987 So.2d 20 (Fla.2008).