PER CURIAM.
Petitioner Edward K. Werdell, an inmate in state custody, filed petitions for writ of habeas corpus in the above-styled cases.[1] In 2003, Werdell was convicted of committing offenses in Pinellas County and was sentenced to terms of imprisonment. Over the years, Werdell has filed numerous nonmeritorious pleadings and requests for relief with the Second District Court of Appeal, and in 2009, the district court entered an order barring him from any future pro se filings pertaining to his nine criminal cases. See Werdell v. State, 16 So.3d 875, 876 (Fla. 2d DCA 2009).
Similarly, since Werdell’s convictions and sentences became final he has initiated forty-two proceedings pertaining to his criminal convictions in this Court.[2] In *431 none of Werdell’s cases that have been before this Court has any relief been afforded to him. His petitions in the instant cases were denied as procedurally barred on October 29, 2012, and he was ordered to show cause why he should not be barred from filing in this Court any future pro se pleadings, motions, or other requests for relief pertaining to his criminal convictions. He was also ordered to show cause why the Court should not determine that the petitions filed in these cases are frivolous pleadings filed by a state prisoner, under section 944.279, Florida Statutes (2012) (stating a prisoner who is found by a court to have brought a frivolous claim or proceeding is subject to disciplinary procedures). Werdell did not file a response to the order to show cause in either case.
Accordingly, we now exercise the inherent power of this Court to protect itself from abuse of the judicial process and bar Werdell from any future pro se filings related to his criminal convictions. We further conclude that Werdell’s petitions in these cases are frivolous proceedings initiated by a prisoner, under section 944.279, Florida Statutes (2012). The Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Edward K. Werdell pertaining to Pinellas County circuit court case numbers 02-04399-CF, 02-07159-CF, 03-02914-CF, 03-09410-CF, 03-10735-CF, 03- *432 12407-CF, 03-13875-CF, 03-18719-CF, and 03-18738-CF, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Wer-dell’s behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[3] Furthermore, since we have found the petitions in these cases to.be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2012) to forward a certified copy of this opinion to the Department of Corrections’ institution or facility where Werdell is incarcerated.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.

. Werdell's filing history in this Court is as follows: Werdell v. State, 103 So.3d 144 (Fla.2012) (mandamus petition denied) (No. SC12-708); Werdell v. Fla. Dep't of Con., 103 So.3d 144 (Fla.2012) (mandamus petition denied) (No. SC12-706); Werdell v. Fla. Dep’t of Corr., 103 So.3d 144 (Fla.2012) (mandamus petition denied) (No. SC12-690); Werdell v. *431 State, 74 So.3d 1085 (Fla.2011) (mandamus petition denied) (No. SC11-1242); Werdell v. State, 77 So.3d 648 (Fla.2011) (review dismissed) (No. SC11-2252); Werdell v. Buss, 64 So.3d 680 (Fla.2011) (habeas corpus petition denied) (No. SC11-372); Werdell v. State, 30 So.3d 494 (Fla.2010) (review denied) (No. SC09-1532); Werdell v. State, 1 So.3d 174 (Fla.2009) (mandamus petition denied) (No. SC08-1803); Werdell v. State, 2 So.3d 983 (Fla.2008) (review denied) (No. SC08-2092); Werdell v. State, 994 So.2d 1106 (Fla.2008) (review dismissed) (No. SC08-1997); Werdell v. State, 994 So.2d 1106 (Fla.2008) (mandamus petition denied) (No. SC08-1556); Werdell v. State, 994 So.2d 307 (Fla.2008) (review dismissed) (No. SC08-1852); Werdell v. State, 996 So.2d 215 (Fla.2008) (review dismissed) (No. SC08-1430); Werdell v. State, 988 So.2d 1094 (Fla.2008) (review dismissed) (No. SC08-1395); Werdell v. State, 988 So.2d 1094 (Fla.2008) (review dismissed) (No. SC08-1394); Werdell v. State, 988 So.2d 1094 (Fla. 2008) (review dismissed) (No. SC08-1393); Werdell v. State, 988 So.2d 1094 (Fla.2008) (review dismissed) (No. SC08-1388); Werdell v. State, 992 So.2d 821 (Fla.2008) (review denied) (No. SC07-1489); Werdell v. State, 985 So.2d 1093 (Fla.2008) (all writs petition dismissed) (No. SC08-1086); Werdell v. State, 983 So.2d 1156 (Fla.2008) (review dismissed) (No. SC08-787); Werdell v. State, 983 So.2d 1155 (Fla.2008) (review dismissed) (No. SC08-761); Werdell v. State, 985 So.2d 1093 (Fla.2008) (mandamus petition denied) (No. SC07-2128); Werdell v. State, 965 So.2d 123 (Fla.2007) (review dismissed); Werdell v. State, 961 So.2d 934 (Fla.2007) (review dismissed) (No. SC07-367); Werdell v. State, No. SC07-946 (Fla. May 30, 2007) (notice of appeal transferred); Werdell v. State, 958 So.2d 922 (Fla.2007) (review dismissed); Werdell v. State, No. SC07-223 (Fla. Apr. 2, 2007) (mandamus petition transferred); Werdell v. State, 952 So.2d 1193 (Fla.2007) (review dismissed) (No. SC07-335); Werdell v. State, 952 So.2d 1193 (Fla.2007) (review denied) (No. SC06-1544); Werdell v. State, 950 So.2d 415 (Fla.2007) (review dismissed) (No. SC06-2412); Werdell v. State, 948 So.2d 760 (Fla.2007) (review dismissed) (No. SC06-2518); Werdell v. State, 946 So.2d 1072 (Fla.2006) (review denied) (No. SC06-1549); Werdell v. State, 944 So.2d 989 (Fla.2006) (review dismissed) (No. SC06-2215); Werdell v. State, 944 So.2d 989 (Fla.2006) (review dismissed) (No. SC06-2216); Werdell v. State, 942 So.2d 414 (Fla.2006) (mandamus petition denied) (No. SC06-1759); Werdell v. State, 937 So.2d 123 (Fla.2006) (review dismissed) (No. SC06-1406); Werdell v. State, 923 So.2d 1165 (Fla.2005) (mandamus petition denied) (No. SC05-380); Werdell v. State, 912 So.2d 1219 (Fla.2005) (review denied) (No. SC05-561); Werdell v. Crosby, 912 So.2d 1219 (Fla.2005) (review denied) (No. SC05-592); Werdell v. State, 912 So.2d 1219 (Fla.2005) (review dismissed) (No. SC05-1609).

. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing the scarce judicial resources of this Court. See, e.g., McCutcheon v. State, 117 So.3d 769, (Fla.2013); James v. Tucker, 75 So.3d 231 (Fla.2011); Johnson v. Rundle, 59 So.3d 1080 (Fla.2011); Steele v. State, 14 So.3d 221 (Fla.2009); Pettway v. McNeil, 987 So.2d 20 (Fla.2008).