# Supreme Court of Florida

_____

No. SC13-513
_____

**JEROME K. LOCKHART A/K/A GREGORY TYRONE HARRIS,**
Petitioner,

vs.

**MICHAEL D. CREWS, etc.,**
Respondent.

[January 23, 2014]

PER CURIAM.

Jerome K. Lockhart A/K/A Gregory Tyrone Harris, an inmate in state

custody, filed a pro se petition for a writ of habeas corpus with this Court

challenging his conviction and sentence.[1]  We dismissed the petition in this case by

way of an unpublished order, determining that it was unauthorized pursuant to

Baker v. State, 878 So. 2d 1236 (Fla. 2004).[2]  Lockhart v. Crews, 2013 WL

---

1.  We have jurisdiction.  See art. V, § 3(b)(9), Fla. Const.

2.  See id. at 1238 ("We further conclude that we should not continue
denying [] petitions [that attack the results of a petitioner's criminal case(s)] either
on the merits or on grounds that the claims raised are procedurally barred from
being considered in collateral postconviction relief proceedings.  Instead, we
conclude that we should dismiss such petitions as unauthorized.").

3388380 *1 (Fla. Jun. 27, 2013). In disposing of the petition in this case, we expressly retained jurisdiction to pursue possible sanctions against Lockhart.[3] Id.; see Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Lockhart was convicted and sentenced to thirty years in prison for robbery by the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida (Case No. 01-CF-019518). Lockhart appealed his conviction and sentence to the Second District Court of Appeal, which affirmed the judgment of guilt and the sentence imposed. Harris v. State, 873 So. 2d 330 (Fla. 2d DCA 2004) (table decision).

Following his direct appeal, Lockhart filed numerous postconviction claims to no avail. Because the petition filed in this case was Lockhart's twenty-seventh petition for review or extraordinary writ petition pertaining to his criminal case filed in this Court,[4] we issued an order directing Lockhart to show cause why he

3. Lockhart v. Crews, No. SC13-513 (Fla. order filed June 27, 2013) (dismissing the petition and ordering petitioner to show cause why sanctions should not be imposed and why the petition should not be deemed frivolous).

4. See Lockhart v. State, 114 So. 3d 935 (Fla. 2013) (table decision) (all writs petition dismissed); Lockhart v. Crews, 109 So. 3d 781 (Fla. 2013) (table decision) (habeas corpus petition dismissed); Lockhart v. Crews, 108 So. 3d 655 (Fla. 2013) (table decision) (habeas corpus petition dismissed); Lockhart v. State, 104 So. 3d 1085 (Fla. 2012) (table decision) (petition for review dismissed); Lockhart v. State, 103 So. 3d 140 (Fla. 2012) (table decision) (petition for review dismissed); Lockhart v. Tucker, 72 So. 3d 746 (Fla. 2011) (table decision) (habeas corpus petition dismissed); Lockhart v. State, 69 So. 3d 278 (Fla. 2011) (table decision) (petition for review dismissed); Lockhart v. State, 49 So. 3d 1266 (Fla.

should not be prohibited from filing any further pro se filings in this Court related to case number 01-CF-019518.[5] Lockhart did not file a response explaining why the Court should not impose sanctions or expressing remorse for his substantial abuse of the Court's resources. Instead, he used his opportunity to explain his actions to the Court to file multiple handwritten "motions" in which he again asserts the same challenges to the legality of his conviction and sentence that he has presented in other filings that have been repeatedly denied, dismissed, or

2010) (table decision) (mandamus petition denied); Lockhart v. State, 55 So. 3d 1287 (Fla. 2010) (table decision) (mandamus petition dismissed); Lockhart v. State, 49 So. 3d 236 (Fla. 2010) (table decision) (mandamus petition denied); Harris v. State, 47 So. 3d 1288 (Fla. 2010) (table decision) (mandamus petition denied); Lockhart v. State, 44 So. 3d 581 (Fla. 2010) (table decision) (petition for review dismissed); Lockhart v. State, 43 So. 3d 690 (Fla. 2010) (table decision) (petition for review dismissed); Harris v. McNeil, 5 So. 3d 668 (Fla. 2009) (table decision) (petition for review dismissed); Lockhart v. McNeil, 4 So. 3d 1220 (Fla. 2009) (table decision) (mandamus petition denied); Lockhart v. State, Case No. SC08-839 (Fla. May 6, 2008) (mandamus petition dismissed); Harris v. State, 991 So. 2d 387 (Fla. 2008) (table decision) (petition for review dismissed); Harris v. McDonough, 941 So. 2d 1171 (Fla. 2006) (table decision) (habeas corpus petition dismissed); Harris v. Crist, 939 So. 2d 93 (Fla. 2006) (table decision) (petition for review dismissed); Harris v. Crist, Case No. SC06-540 (Fla. July 12, 2006) (quo warranto petition transferred to the district court); Harris v. State, 935 So. 2d 499 (Fla. 2006) (table decision) (petition for review dismissed); Harris v. Crist, 930 So. 2d 621 (Fla. 2006) (table decision) (quo warranto petition dismissed); Harris v. State, 924 So. 2d 808 (Fla. 2006) (table decision) (mandamus petition denied); Harris v. State, 917 So. 2d 193 (Fla. 2005) (table decision) (petition for review dismissed); Harris v. State, 915 So. 2d 1196 (Fla. 2005) (table decision) (petition for review dismissed); Harris v. State, 871 So. 2d 873 (Fla. 2004) (table decision) (petition for review dismissed).

5. See State v. Spencer, 751 So. 2d 47, 48-49 (Fla. 1999) (stating that prior to the imposition of sanctions, a court must afford the litigant a meaningful opportunity to show cause why the sanctions are inappropriate).

transferred. All of these motions are hereby denied. After considering Lockhart's response, we conclude that it fails to show cause why sanctions should not be imposed. We further conclude that Lockhart's procedurally barred petition filed in this case is a frivolous proceeding brought before this Court by a state prisoner. See § 944.279(1), Fla. Stat. (2013).

Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Jerome K. Lockhart A/K/A Gregory Tyrone Harris that are related to case number 01-CF-019518, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Lockhart's behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[6] Furthermore, because we have found Lockhart's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2013), to forward a certified copy of this opinion to the Department of Corrections' institution or facility where Lockhart is incarcerated.[7]

---

6. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing scarce judicial resources in this Court. See, e.g., James v. Tucker, 75 So. 3d 231 (Fla. 2011); Johnson v. Rundle, 59 So. 3d 1080 (Fla. 2011); Steele v. State, 14 So. 3d 221 (Fla. 2009); Pettway v. McNeil, 987 So. 2d 20 (Fla. 2008); Tate v. McNeil, 983 So. 2d 502 (Fla. 2008).

7. See, e.g., James, 75 So. 3d at 232; Johnson, 59 So. 3d at 1080; Steele, 14 So. 3d at 221.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Habeas Corpus

Jerome K. Lockhart a/k/a Gregory Tyrone Harris, pro se, Live Oak, Florida,

for Petitioner,

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, Christina Zuccaro, Assistant Attorney General, Tampa, Florida, and Jennifer A. Parker, General Counsel, Florida Department of Corrections, Tallahassee, Florida,

for Respondent