# Supreme Court of Florida

_____

No. SC12-1410
_____

**EARL G. BUSH,**
Petitioner,

vs.

**MICHAEL D. CREWS, etc.,**
Respondent.

[June 12, 2014]

PER CURIAM.

Earl G. Bush, an inmate in state custody, filed a pro se petition for writ of habeas corpus with this Court challenging his conviction and sentence. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const. We dismissed the petition in this case by way of an unpublished order, determining that it was unauthorized pursuant to Baker v. State, 878 So. 2d 1236 (Fla. 2004).[1] Bush v. Crews, No.

---

1. See id. at 1238 ("We further conclude that we should not continue denying [ ] petitions [that attack the results of a petitioner's criminal case(s)] either on the merits or on grounds that the claims raised are procedurally barred from being considered in collateral postconviction relief proceedings. Instead, we conclude that we should dismiss such petitions as unauthorized.").

SC12-1410 (Fla. Oct. 15, 2012). In disposing of the petition in this case, we expressly retained jurisdiction to pursue possible sanctions against Bush. Id.; see Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Bush currently is incarcerated in the Florida Department of Corrections upon his judgment of conviction for first-degree murder and life sentence in case number 01-CF-0231, entered by the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on August 21, 2002. Bush appealed his conviction and sentence to the Second District Court of Appeal, which affirmed both without an opinion. Bush v. State, 892 So. 2d 482 (Fla. 2d DCA 2004) (table).

Following his direct appeal, Bush has filed numerous postconviction claims, as well as numerous extraordinary writs in the Second District Court of Appeal, to no avail. Because the petition filed in this case was Bush's tenth petition for an extraordinary writ pertaining to his criminal case filed in this Court since 2002,[2]

2. See Bush v. State, No. SC02-851 (Fla. June 3, 2002) (transfer of petition for writ of mandamus); Bush v. State, No. SC03-888 (Fla. July 1, 2003) (administrative dismissal); Bush v. State, No. SC04-2262 (Fla. Dec. 15, 2004) (transfer of petition for writ of habeas corpus); Bush v. State, No. SC05-2173 (Fla. Dec. 12, 2005) (denial as moot of petition for writ of mandamus); Bush v. Gee, No. SC09-1292 (Fla. July 24, 2009) (transfer of petition for writ of habeas corpus); Bush v. State, No. SC09-1349 (Fla. Oct. 2, 2009) (denial of petition for writ of mandamus); Bush v. McNeil, No. SC09-1954 (Fla. Dec. 30, 2009) (transfer of petition for writ of habeas corpus); Bush v. State, No. SC10-799 (Fla. July 12, 2010) (transfer of petition for writ of mandamus); Bush v. Tucker, No. SC11-1267 (Fla. Sept. 1, 2011) (dismissal of petition for writ of habeas corpus).

we issued an order directing Bush to show cause why he should not be prohibited from filing any further pro se filings in this Court related to case number 01-CF-0231.[3] In a separate order dated May 10, 2013, the Court also directed petitioner to show cause why the Court should not determine that the petition filed in this case is frivolous and subject to disciplinary procedures pursuant to section 944.279(1), Florida Statutes (2013), by the Florida Department of Corrections.

Bush filed a motion for rehearing, seeking clarification of whether the Court was proceeding against him by way of a barring order or pursuant to section 944.279, Florida Statutes (2013). The orders directing petitioner to show cause why he should not be subject to a pro se barring order and subject to section 944.279, Florida Statutes (2013), are clear and unambiguous. We hereby deny petitioner's motion for rehearing. In addition, Bush filed a response to this Court's show cause orders, where he argued that all of his proceedings had been brought in good faith and then reargued the merits of his habeas petition. After considering Bush's response to the show cause orders, we conclude that it fails to show cause why sanctions should not be imposed. We further conclude that Bush's procedurally barred petition filed in this case is a frivolous proceeding brought before this Court by a state prisoner. See § 944.279(1), Fla. Stat. (2013).

_____

3. Bush v. Crews, No. SC12-1410 (Fla. Oct. 15, 2012) (dismissing the petition and ordering petitioner to show cause why sanctions should not be imposed).

- 3 -

Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Earl G. Bush that are related to case number 01-CF-0231, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Bush's behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[4] Furthermore, because we have found Bush's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2013), to forward a certified copy of this opinion to the Florida Department of Corrections institution or facility where Bush is incarcerated.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concurring.

Original Proceeding – Habeas Corpus

Earl G. Bush, pro se, Bowling Green, Florida,

    for Petitioner

Jennifer Alani Parker, General Counsel, Florida Department of Corrections, Tallahassee, Florida,

---

4. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for and abuse of the scarce judicial resources of this Court. See, e.g., McCutcheon v. State, 117 So. 3d 769 (Fla. 2013); James v. Tucker, 75 So. 3d 231 (Fla. 2011); Johnson v. Rundle, 59 So. 3d 1080 (Fla. 2011); Steele v. State, 14 So. 3d 221 (Fla. 2009); Pettway v. McNeil, 987 So. 2d 20 (Fla. 2008).

for Respondent