IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES NELSON,

    Appellant,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1418

Opinion filed June 15, 2016.

An appeal from the Circuit Court for Taylor County.
Gregory S. Parker, Judge.

James Nelson, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Holly N. Simcox, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

The appellant, James Nelson, is an inmate serving an aggregate 55-year sentence imposed in Duval County Case No. 16-1998-CF-014227. Nelson's

convictions and sentences were affirmed on appeal and have been final for nearly 14 years. See Nelson v. State, 816 So. 2d 1177 (Fla. 1st DCA 2002) (mandate issued June 21, 2002). This is at least the ninth post-conviction appeal or petition filed by Nelson in this court relating to his 1998 case. Nelson has not obtained relief in any of these prior cases.

The order giving rise to this appeal dismissed a series of rambling pleadings in which Nelson made a few conclusory allegations of harassment and retaliation by prison officials, but where he primarily argued that he was entitled to "emergency release" because he was unlawfully imprisoned as a result of a malicious prosecution on fabricated charges tried before a biased judge. Additionally, Nelson sought to have this court investigated by the "ethical police" because he claimed that the decisions in several of his prior unsuccessful appeals were in conflict with Florida Supreme Court precedent and "congressional law." Nelson made the same or similar claims about the invalidity of his conviction and illegality of his incarceration in nearly all of his prior appeals and petitions in this court.

The trial court did not err in dismissing these pleadings because Nelson's collateral attacks on his convictions and sentences were, at best, untimely and procedurally barred and his other claims were frivolous to the extent they could be deciphered. Accordingly, we affirm the dismissal order.

2

We find this appeal to be frivolous. Nelson's appellate briefs, like his pleadings below, were largely incomprehensible and did not present an arguable basis for reversal of the dismissal order. Additionally, Nelson filed several meritless motions in this court during the pendency of the appeal, including a 9-page "motion to postpone rendition" that made absolutely no sense,[1] a 23-page request for prevailing party attorney's fees under federal law at a rate of "$850,000 dollars every six minutes," and an 18-page "motion for summary judgment" asserting his entitlement to "emergency release and relief, and compensation for damages incurred administratively" based on the erroneous premise that his conviction and resulting sentence were unlawful.

Nelson has been prohibited from further pro se filings in the Florida Supreme Court relating to his 1998 case due to his numerous frivolous filings in that court. See Nelson v. Crews, 110 So. 3d 890 (Fla. 2013). And, after reviewing Nelson's frivolous filings in this appeal, we issued a Spencer[2] order directing him to show cause why we should not impose a similar sanction based on his history of unsuccessful and frivolous post-conviction filings in this court.

We have carefully considered the response filed by Nelson, but we conclude that it fails to show cause why sanctions should not be imposed. Indeed, the

_____

[1] Nelson's appeal of the order denying this motion was summarily dismissed by the Florida Supreme Court four days after it was filed. See Nelson v. Dep't of Corr., Case No. SC15-1057 (filed June 4, 2015; dismissed June 8, 2015).
[2] State v. Spencer, 751 So. 2d 47 (Fla. 1999).

response reinforces our view that sanctions against Nelson are warranted because, like his previous filings in this court, the response was unduly long (nearly 50 pages) and was comprised of mostly incomprehensible ramblings about cases and statutes that have no apparent relevance to the issue framed by the Spencer order.

Accordingly, we hereby prohibit James Nelson, DOC Inmate No. 307445, from filing any pro se appeals, petitions, or other cases in this court related to Duval County Case No. 16-1998-CF-014227. The clerk is directed not to accept any filings from Nelson related in any way to that case unless they are signed by a member in good standing of The Florida Bar. Additionally, pursuant to section 944.279, Florida Statutes, the clerk is directed to send a certified copy of this opinion to the Department of Corrections for appropriate disciplinary action against Nelson. Finally, Nelson is cautioned that any future filings in violation of this order may result in the imposition of additional sanctions.

AFFIRMED; SANCTIONS IMPOSED.

WOLF, WETHERELL, and KELSEY, JJ., CONCUR.