775 So.2d 288 (2000)
Owen D. DENSON, Jr., a/k/a Hikim Shabazz, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-224.
Supreme Court of Florida.
November 16, 2000.
*289 Owen D. Denson, Jr., Wewahitchka, Florida, pro se.
No Appearance for Respondent

ON MOTION FOR REHEARING
PER CURIAM.
Petitioner Owen Denson has filed a motion for rehearing from this Court's denial of his habeas petition as procedurally barred. See Denson v. State, 773 So.2d 54 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.; Fla. R.App. P. 9.330. For the reasons expressed below, we deny the motion.
Denson is serving a life sentence for an armed robbery committed in 1977. Denson filed a petition for writ of habeas corpus with this Court arguing that he should have been sentenced to no more than thirty years on his robbery conviction, and therefore his life sentence is illegal. Denson admitted previously raising this exact claim in the lower tribunals but argued that the lower courts had never considered his claim on the merits.
The appendix to Denson's petition includes an order dated April 19, 1999, issued by the Circuit Court of the Sixth Judicial Circuit. In this order, the circuit court denied a rule 3.800 motion filed by Denson in which he alleged that his life sentence was improper because the statutory maximum for his crime is thirty years. The court concluded that Denson's claim was without merit, finding that "[t]he life sentence imposed by this court was legal and proper given that the then effective statute, Section 812.13(2)(a), Florida Statutes, considered the robbery to be a `felony of the first degree punishable by imprisonment for a term of years not exceeding life.'" The court further noted that Denson had previously raised the claim of his illegal sentence and concluded that Denson was not entitled to additional review of a specific issue which has already been decided against him on the merits in a previous motion for postconviction relief.
Denson's appendix also contains an order issued by the Second District Court of Appeal affirming per curiam without a written opinion the circuit court's ruling. The district court cited Price v. State, 692 So.2d 971 (Fla. 2d DCA 1997) (defendant is not entitled to repetitive review of specific issue which has already been decided against him), and Johnson v. State, 641 So.2d 174 (Fla. 1st DCA 1994) (trial court did not err in imposing 100-year sentence for armed robbery with firearm). See Denson v. State, 753 So.2d 94 (Fla. 2d DCA 1999).
This Court denied Denson's habeas petition because an extraordinary writ petition cannot be used to litigate or relitigate issues that were or could have been raised on direct appeal or in prior postconviction proceedings. See Breedlove v. Singletary, 595 So.2d 8, 10 (Fla.1992); Mills v. Dugger, 574 So.2d 63, 65 (Fla.1990). In Denson's motion for rehearing he asserts that, since the circuit court's imposition of a life *290 sentence constitutes fundamental error, he is not barred from litigating this claim again.[1] We take this opportunity to clarify how the concept of fundamental error applies to claims that have been previously decided against a party on the merits.
An allegation of fundamental error may, under certain situations, be used to avoid some types of procedural bar.[2]See generally Maddox v. State, 760 So.2d 89, 95 (Fla.2000) ("a narrow class of unpreserved sentencing errors can be raised on direct appeal as fundamental error"). Nevertheless, the concept of fundamental error was never intended to provide litigants with a means to circumvent the type of procedural bar that occurs when the exact claim has already been decided on the merits and is thus res judicata.[3] For us to conclude otherwise would result in litigants being allowed to repeatedly raise issues that have already been decided on the merits simply by labeling them as "fundamental error." This would be a waste of our limited judicial resources. Therefore, fundamental error cannot be used to obtain additional consideration of claims that have already been decided on the merits and all direct appellate review has been exhausted.
Despite Denson's assertions to the contrary, the orders of the district and circuit courts clearly demonstrate that the exact claim Denson raises here has already been decided against him on the merits and that Denson has exhausted all appropriate and timely appellate review. Denson may not seek additional consideration of this claim simply by labeling it as fundamental error since his claim is barred under the concept of res judicata. Accordingly, the motion for rehearing is hereby denied.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Denson further alleges that there is conflict between the district courts of appeal which this Court should resolve regarding whether a life sentence can be imposed for a first-degree felony. However, this Court has already dismissed for lack of jurisdiction a petition for conflict review filed by Denson. See Denson v. State, 751 So.2d 1251 (Fla.2000).
[2] There are many types of procedural bars, and we do not attempt to define them all in this decision. For our purposes today, by procedural bar we simply mean that a litigant is prevented from having his or her case reviewed on the merits for one reason or another.
[3] Res judicata, translated from the Latin, means "matter adjudged." See Black's Law Dictionary 1305 (6th ed.1990). The doctrine of res judicata provides that a final judgment on the merits is conclusive of the rights of the parties and constitutes a bar to a subsequent action or suit involving the same cause of action or subject matter. See ICC Chemical Corp. v. Freeman, 640 So.2d 92, 93 (Fla. 3d DCA 1994). The idea underlying res judicata is that if something has already been decided, the petitioner has had his day in court, and, for purposes of judicial economy, it generally will not be reexamined in any court (except for appeals by right). See Rooney v. State, 699 So.2d 1027 (Fla. 5th DCA 1997).