819 So.2d 987 (2002)
Larry R. BEARD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-271.
District Court of Appeal of Florida, Second District.
June 26, 2002.
*988 Larry R. Beard, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ha T. Dao, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Larry R. Beard appeals a sentencing order entered upon remand after his first appeal. In Beard v. State, 751 So.2d 61 (Fla. 2d DCA), review denied, 744 So.2d 452 (Fla.), cert. denied, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 390 (1999), we reviewed the four judgments and sentences resulting from a prosecution for crimes committed in October 1994 that Pinellas County Circuit Court Judge Joseph G. Donahey, Jr., had entered in Mr. Beard's case in 1996. Two of these counts were tried to a jury and, after being convicted at trial, Mr. Beard entered a plea to the remaining two counts. We affirmed the convictions resulting from the trialcapital sexual battery[1] (count I) and lewd act upon a child[2] (count II)and reversed the convictions for the other two countsadditional lewd acts upon a child. We also set aside all sentences and remanded for further proceedings, including a new sentencing hearing with a corrected scoresheet. On remand, the State withdrew the charges supporting the two counts to which Mr. Beard had entered a plea. Therefore, all that remained was to resentence Mr. Beard on the convictions that we had affirmed, the capital sexual battery and the one count of lewd act upon a child.
At resentencing, Pinellas County Circuit Court Judge Brandt C. Downey, III, imposed the same sentence for count I that Judge Donahey had, i.e., life imprisonment, but this time added a provision for a minimum mandatory portion of twenty-five years. Judge Downey then imposed a consecutive sentence of forty-years' imprisonment for count II. Mr. Beard again appeals. We affirm in part, reverse in part, and remand for another resentencing with a correct scoresheet.
We address first the sentencing for count I, the capital sexual battery conviction. Judge Downey properly imposed the twenty-five year minimum mandatory portion of the life sentence that Judge Donahey was required but failed to impose in accordance with the law at the time Mr. Beard committed these offenses. This does not constitute a violation of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), because the statutory minimum mandatory portion of the sentence is automatic. Buford v. State, 403 So.2d 943, 954 (Fla.1981). We also find no error in the sexual predator *989 designation. § 775.23, Fla. Stat. (1993). Although this issue was argued in Mr. Beard's prior appeal, the sexual predator designation was not mentioned in the opinion; nevertheless, it was considered and his arguments rejected. He is precluded from raising this point again in this second appeal. Denson v. State, 775 So.2d 288 (Fla.2000); Price v. State, 692 So.2d 971 (Fla. 2d DCA 1997).
For count II, a second-degree felony, the guidelines scoresheet showed a sentence of forty months, which was the term Judge Downey orally imposed. However, the written sentence reflects a sentence of forty years. The State concedes that this is a scrivener's error. Furthermore, the State concedes that even the forty-month sentence is error. At the resentencing, Judge Downey relied on yet another incorrect scoresheet that scored the capital offense as the primary offense and the lewd act upon a child as an additional offense. This miscalculated scoresheet resulted in an improper departure. We must again reverse the sentence for count II and remand for resentencing with a scoresheet that lists only, as the primary offense, the conviction for count II. We reject Mr. Beard's argument that departure may not be considered on remand, should the State present and the resentencing judge express valid reasons to do so. Roberts v. State, 547 So.2d 129 (Fla.1989).
Finally, Mr. Beard contests the imposition of a lien for $3500 in favor of the public defender who represented him previously. This issue was argued and rejected in the prior appeal so we will not address it here. Denson, 775 So.2d 288. Moreover, Mr. Beard failed to take advantage of proceedings available to him under Florida Rule of Criminal Procedure 3.800(b) that are specifically provided for such situations. Maddox v. State, 760 So.2d 89 (Fla.2000).
In summary, we affirm the sentence for count I, including the sexual predator designation and the imposition of the $3500 lien, but reverse the sentence for count II, and remand for resentencing on count II with a corrected scoresheet.
WHATLEY and NORTHCUTT, JJ., Concur.
NOTES
[1] § 794.011(2)(a), Fla. Stat. (1993).
[2] § 800.04, Fla. Stat. (1993).