PER CURIAM.
Johnny Ray Gaffney, an inmate in state custody, filed a pro se petition for writ of habeas corpus with this Court challenging his conviction and sentence.[1] We dismissed the petition in this case by way of an unpublished order, determining that the petition was unauthorized pursuant to Baker v. State, 878 So.2d 1236 (Fla.2004).[2] In disposing of the petition in this case, we expressly retained jurisdiction to pursue possible sanctions against Gaffney.[3] See Fla. R.App. P. 9.410(a).
Gaffney was convicted and sentenced to life imprisonment for committing capital sexual battery in Putnam County, Florida (circuit court case number 85-CF-01064). Gaffney appealed his conviction and sentence to the Fifth District Court of Appeal, which affirmed the conviction and the sentence. Gaffney v. State, 497 So.2d 1292 (Fla. 5th DCA 1986). Since his criminal case became final, Gaffney has unsuccessfully brought numerous collateral proceedings in the district and trial courts seeking relief related to his criminal case.[4] However, it is patently evident from the record before this Court that Gaffney is not entitled to bring further collateral attacks on his criminal case.
Since 1994, Gaffney has filed multiple extraordinary writ petitions with this Court seeking relief from his conviction and sentence. We observe that in none of the petitions Gaffney filed in this Court has any relief been granted.[5] Because the *558 petition filed in this ease was dismissed as unauthorized and also was his ninth extraordinary writ petition filed with this Court pertaining to his criminal case, we issued an order directing Gaffney to show cause why he should not be prohibited from filing any further pro se filings in this Court related to case number 85-CF-01064.[6] After considering Gaffney’s response, we conclude that it fails to show cause why he should not be sanctioned. We further conclude that Gaffney’s unauthorized petition is a frivolous proceeding brought to this Court by a prisoner. See § 944.279, Fla. Stat. (2011). Gaffney has compiled a history of pro se filings in this Court that, like the instant habeas corpus petition, were devoid of merit or inappropriate for review in this Court.
Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Johnny Ray Gaffney that are related to circuit court case number 85-CF-01064, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Gaffney’s behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[7] Furthermore, since we have found Gaffney’s petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2011), to forward a certified copy of this opinion to the Department of Corrections’ institution or facility where Gaffney is incarcerated.[8]
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.

. See id. at 1245-46 (“[W]e will dismiss as unauthorized, habeas corpus petitions filed by noncapital defendants that seek the kind of collateral postconviction relief available through a motion filed in the sentencing court, and which (1) would be untimely if considered' as a motion for postconviction relief under rule 3.850, (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be considered a second or successive motion under rule 3.850 that either fails to allege new or different grounds for relief, or alleges new or different grounds for relief that were known or should have been known at the time the first motion was filed.”).

. Gaffney v. Tucker, No. SC11-2136, 79 So.3d 744, 2012 WL 130519 (Fla. Jan. 10, 2012) (dismissing the petition and ordering petitioner to show cause why sanctions should not be imposed and why the petition should not be deemed frivolous for purposes of applying section 944.279(1), Florida Statutes (2011)).

. See, e.g., Gaffney v. State, 878 So.2d 470 (Fla. 5th DCA 2004) (No. 5D04-318) (affirming denial of motion for postconviction relief as successive; barring appellant from future pro se filings related to circuit court case number 85-CF-1064); Gaffney v. State, 854 So.2d 207 (Fla. 5th DCA 2003) (No. 5D03-2343) (affirming denial of motion for postcon-viction relief) (table decision); Gaffney v. State, 848 So.2d 338 (Fla. 5th DCA 2003) (No. 5D03-617) (affirming denial of motion for postconviction relief) (table decision); Gaffney v. State, No. 5D98-2446 (Fla. 5th DCA Sept. 23, 1998) (denying petition for belated appeal); Gaffney v. State, 722 So.2d 205 (Fla. 5th DCA 1998) (No. 5D98-2313) (affirming denial of motion for postconviction relief) (table decision); Gaffney v. State, No. 5D97-1370 (Fla. 5th DCA June 11, 1997) (denying habeas corpus petition); Gaffney v. State, 693 So.2d 36 (Fla. 2d DCA 1997) (No. 2D97-380) (dismissing appeal) (table decision); Gaffney v. State, No. 5D90-1264 (Fla. 5th DCA Sept. 5, 1990) (denying habeas corpus petition); Gaffney v. State, 527 So.2d 205 (Fla. 5th DCA 1988) (No. 88-418) (affirming denial of motion for postconviction relief) (table decision).

.See, e.g., Gaffney v. State, 933 So.2d 1153 (Fla.2006) (No. SC06-654) (dismissing habeas corpus petition pursuant to Baker) (table decision); Gaffney v. Crosby, 917 So.2d 193 (Fla.2005) (No. SC05-1233) (dismissing habe-as corpus petition pursuant to Baker) (table decision); Gaffney v. State, 907 So.2d 518 (Fla.2005) (No. SC04-2110) (denying mandamus petition) (table decision); Gaffney v. State, No. SC03-1518 (Fla. Sept. 15, 2003) (transferring mandamus petition); Gaffney v. State, 857 So.2d 195 (Fla.2003) (SC03-1594) (administratively dismissing all writs petition) (table decision); Gaffney v. State, No. SC00- *558 427 (Fla. May 11, 2000) (transferring habeas corpus petition); Gaffney v. State, 700 So.2d 685 (Fla.1997) (No. 91,171) (denying all writs petition) (table decision); Gaffney v. Singletary, 634 So.2d 624 (Fla.1994) (No. 83,098) (denying habeas corpus petition) (table decision).

.See State v. Spencer, 751 So.2d 47, 48 (Fla.1999) ("[I]t is important for courts to first provide notice and an opportunity to respond before preventing that litigant from bringing further attacks on his or her conviction and sentence.”).

. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing scarce judicial resources in this Court. See, e.g., James v. Tucker, 75 So.3d 231 (Fla.2011); Johnson v. Rundle, 59 So.3d 1080 (Fla.2011); Steele v. State, 14 So.3d 221 (Fla.2009); Pettway v. McNeil, 987 So.2d 20 (Fla.2008); Tate v. McNeil, 983 So.2d 502 (Fla.2008).

. See, e.g., James, 75 So.3d at 232; Johnson, 59 So.3d at 1082; Steele, 14 So.3d at 224.