PER CURIAM.
Danny A. Green, an inmate in state custody, filed a pro se petition for writ of habeas corpus with this Court alleging that his sentences are illegal.[1] We denied the petition in this case by way of an unpublished order,[2] determining that the petition was procedurally barred.[3] In disposing of the petition in this case, we expressly retained jurisdiction to pursue, possible sanctions against Green. See generally Fla. R.App. P. 9.410(a).
In 2005, Green was convicted and sentenced for committing two sex offenses in Alachua County, Florida (circuit court case number 01-2004-CF-2871-A). Green’s sentence was to be followed by ten years of sex offender probation. Yet, in 2008, the sentencing court entered an order sua sponte removing the ordered sex offender probation nunc pro tunc to November 10, 2005, the date Green was sentenced. The sex offender probation was removed because it caused Green’s sentences to exceed the statutory maximum for the offenses. Shortly afterward, Green filed a motion to correct sentencing error in which he inexplicably alleged that the sentencing court erred by correcting his sentence nunc pro tunc to November 10, 2005, the date he was sentenced. The *359 sentencing court denied the motion on the merits.[4] Similarly, the sentencing court denied, on the merits, Green’s subsequent motion to correct illegal sentences.[5] Thus, it is clear from the record before this Court[6] that Green is not entitled to any relief based on a claim that his sentences ordered in circuit court case number 01-2004-CF-2871-A are illegal.
Since 2009, Green has filed six previous extraordinary writ petitions with this Court seeking various forms of relief related to his convictions or sentences. We observe that in none of the petitions that Green filed in this Court, has any relief been granted to him.[7] Each of Green’s extraordinary writ petitions filed with this Court has been devoid of merit or inappropriate for consideration.
We issued an order directing Green to show cause why he should not be prohibited from filing any subsequent pro se filings in this Court that are related to circuit court case number 01-2004-CF-2871-A.[8] After considering Green’s response, we conclude that it fails to show cause why sanctions should not be imposed. We further conclude that Green’s procedurally barred petition filed in this case is a frivolous proceeding brought before this Court by a state prisoner. See § 944.279, Fla. Stat. (2011).
Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Danny A. Green that are related to circuit court case number 01-2004-CF-2871-A. Our order will apply to Green’s filings pertaining to circuit court case number 01-2004-CF-2871-A unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Green’s behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[9] Furthermore, since we have found Green’s petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2011), to forward a certified copy of this opinion to the Department of Corrections’ institu *360 tion or facility where Danny A. Green is incarcerated.[10]
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.

. Green v. Tucker, 88 So.3d 149, 2012 WL 1382259, at *1 (Fla.2012).

. See Denson v. State, 775 So.2d 288, 289 (Fla.2000) ("[A]n extraordinary writ petition cannot be used to litigate or relitigate issues that were or could have been raised on direct appeal or in prior postconviction proceedings.”); Breedlove v. Singletary, 595 So.2d 8, 10 (Fla.1992).

. See State v. Green, No. 01-2004-CF-2871-A (Fla. 8th Cir.Ct. Dec. 5, 2008).

. See State v. Green, No. 01-2004-CF-2871-A (Fla. 8th Cir.Ct. Jan. 6, 2011).

. We observe that Danny A. Green has repeatedly and unsuccessfully attempted to collaterally attack his conviction as illegal as well. Because it adjudged that Green compiled a pattern of abusing the judicial process below, the sentencing court entered an order barring any future pro se filings pertaining to his criminal case. See State v. Green, No. 01-2004-CF-2871-A (Fla. 8th Cir.Ct. Apr. 21, 2011).

. See Green v. Tucker, 77 So.3d 1254 (Fla.2011) (No. SC11-1977) (habeas corpus petition denied) (table decision); Green v. McNeil, 47 So.3d 1288 (Fla.2010) (No. SC10-1499) (habeas corpus petition denied) (table decision); Green v. McNeil, 26 So.3d 1290 (Fla.2009) (No. SC09-1655) (habeas corpus petition dismissed as unauthorized) (table decision); Green v. McNeil, No. SC09-904 (Fla. June 3, 2009) (habeas corpus petition transferred); Green v. McNeil, 18 So.3d 1037 (Fla.2009) (No. SC09-670) (mandamus petition denied) (table decision); Green v. McNeil, No. SC09-185 (Fla. Feb. 10, 2009) (habeas corpus petition transferred).

. See generally State v. Spencer, 751 So.2d 47, 48 (Fla.1999) ("[I]t is important for courts to first provide notice and an opportunity to respond before preventing that litigant from bringing further attacks on his or her conviction and sentence.”).

. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing scarce judicial resources in this Court. See, e.g., Gaffney v. Tucker, 94 So.3d 556 (Fla.2012); James v. Tucker, 75 So.3d 231 (Fla.2011); Steele v. State, 14 So.3d 221 (Fla.2009); Pettway v. McNeil, 987 So.2d 20 (Fla.2008).

. See, e.g., Gaffney, 94 So.3d at 558; James, 75 So.3d at 232; Steele, 14 So.3d at 224.