PER CURIAM.
Darrelle Johnson appeals from the denial of his petition for writ of habeas corpus. Johnson raises two issues: the constitutionality of chapter 893, Florida Statutes, and the jury’s failure to specify on the verdict form the amount of cocaine possessed. We find no merit to the constitutional challenge to Florida’s drug possession statute. See Shelton v. Sec’y, Dep’t of Corr., 691 F.3d 1348 (11th Cir.2012); State v. Adkins, 96 So.3d 412 (Fla.2012).
Before addressing the second issue, we note, as did Johnson in his reply brief, that the State did not address this issue in its answer brief. Notwithstanding the State’s failure to respond, we find no merit to Johnson’s argument. He relies upon State v. Estevez, 753 So.2d 1 (Fla.1999), which does lend support to his assertion that the jury is required to make a finding as to the amount of drugs involved in a trafficking case. However, his reliance on Estevez is unavailing for two reasons. First, Galindez v. State, 955 So.2d 517 (Fla.2007), provides that a jury-factfinding error, such as that alleged in Estevez, is subject to harmless error analysis. Second, the defendant in Estevez did not attempt to invoke review of the matter under habeas corpus.
The scope of postconviction relief through habeas corpus is very limited. As we stated in Richardson v. State, 918 So.2d 999, 1003 (Fla. 5th DCA 2006), “ha-beas proceedings may not be utilized to present issues that should have been raised on appeal or to obtain a second appeal.” Habeas corpus is not intended to be a substitute for, or otherwise expand, the time frames under Florida Rule of Criminal Procedure 3.850. Johnson filed a direct appeal from his March 2008 conviction and an appeal from the denial of a rule 3.850 motion. The issue as to the verdict form could have and should have been raised on direct appeal. The issue is *207 not now subject to review and relief under habeas corpus.
AFFIRMED.
SAWAYA, TORPY and COHEN, JJ., concur.