IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LESTER GRAY,

      Appellant,

v.                                                                  Case No.  5D16-2379

DEPARTMENT OF CORRECTIONS
AND STATE OF FLORIDA,

      Appellees.

_____/

Opinion filed December 2, 2016

Appeal from the Circuit Court
for Orange County,
Keith F. White , Judge.

Lester Gray, Perry, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wesley Heidt, Assistant
Attorney General, Daytona Beach, for
Appellee, State of Florida.

No appearance for other Appellee.

PER CURIAM.

      Lester Gray appeals the denial of his petition for habeas corpus.  We affirm.

      Gray, who was convicted in the Circuit Court of Orange County, is currently incarcerated in Taylor County.  The trial court incorrectly denied Gray's petition,

concluding that it should have been filed in Taylor County. As the Third District explained more than ten years ago in Broom v. State, 907 So. 2d 1261, 1262 (Fla. 3d DCA 2005):

> The circuit court of the county in which a defendant is incarcerated has jurisdiction to consider a petition for writ of habeas corpus when the claims raised in the petition concern issues regarding his incarceration, but not when the claims attack the validity of the judgment or sentence. Only the court in which the defendant was convicted and sentenced has jurisdiction to consider collateral attacks on a judgment or sentence, and such an attack must be brought pursuant to Rule 3.800 or 3.850, not by petition for writ of habeas corpus.

(Internal citations omitted). Because the petition collaterally attacks the validity of Gray's conviction and sentence, Orange County had jurisdiction to review the habeas petition.

Notwithstanding, we affirm the denial of the habeas petition because the trial judge reached the right result, albeit for the wrong reason. Gray has previously filed several postconviction motions. An extraordinary writ petition is not a second appeal, and cannot be used to litigate or relitigate issues that were or could have been raised on direct appeal or in prior postconviction proceedings. See Denson v. State, 775 So. 2d 288, 289 (Fla. 2000). Habeas corpus may not be used to file successive rule 3.850 motions or to raise issues that would be untimely if considered as a motion for postconviction relief under that rule. Baker v. State, 878 So. 2d 1236, 1245-46 (Fla. 2004). Any concerns that Gray had regarding his conviction and sentence needed to have been raised in his previous postconviction motions.

AFFIRMED.

PALMER, ORFINGER and EVANDER, JJ., concur.