# Supreme Court of Florida

_____

No. SC16-713
_____

**CHADRICK V. PRAY,**
Petitioner,

vs.

**BRENDA D. FORMAN, CLERK,**
Respondent.

[March 23, 2017]

PER CURIAM.

Chadrick V. Pray has filed a pro se petition for writ of mandamus with this Court.[1]  His petition in this case is the twelfth extraordinary writ petition he has filed with this Court since 2010.  We dismissed Pray's petition in this case and, in so doing, expressly retained jurisdiction to pursue possible sanctions against him. Pray v. Forman, No. SC16-713, Order at 1 (Fla. June 24, 2016) (dismissing petition for writ of mandamus and directing Pray to show cause why he should not

_____

1.  We have jurisdiction.  See art. V, § 3(b)(8), Fla. Const.

be barred from filing any further pro se requests for relief); see Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Pray was convicted in the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, of attempted first-degree murder and attempted robbery with a gun or deadly weapon (Case No. 00-3032CF10A). He was sentenced in October 2000 to life in prison on each count. The Fourth District Court of Appeal per curiam affirmed Pray's convictions and sentences on November 20, 2002. Pray v. State, 833 So. 2d 149 (Fla. 4th DCA 2002) (table).

After his case became final, Pray initiated a series of postconviction challenges to his convictions and sentences. His repeated attempts to obtain such relief resulted in the entry of pro se barring orders by both the Seventeenth Judicial Circuit, see State v. Pray, No. 00-3032CF10A (Fla. 17th Cir. Ct. July 22, 2013), and the Fourth District, see Pray v. State, No. 4D13-3367 (Fla. 4th DCA Apr. 10, 2014).

Pray's petition in this case is the result of yet another attempt to challenge his convictions and sentences. It is the twelfth extraordinary writ petition he has filed with this Court since 2010. Each of his eleven other filings addressed his convictions and sentences in circuit court Case No. 00-3032CF10A, and has either

been frivolous, devoid of merit, or inappropriate for consideration by this Court. We have never granted Pray the relief sought by him in any of his filings.[2]

Pray's mandamus petition in this case is no exception. In it, Pray challenged the application of the circuit court's pro se barring order and requested that this Court order the Clerk of the circuit court to transmit his pro se filings to the circuit court for consideration. We dismissed the petition pursuant to Pettway v. State, 776 So. 2d 930 (Fla. 2000), and, in accordance with State v. Spencer, 751 So. 2d 47 (Fla. 1999), directed Pray to show cause why he should not be barred from filing any future pro se requests for relief and referred to the Florida Department of Corrections for possible disciplinary action pursuant to section 944.279(1), Florida Statutes (2016).

---

2. See Pray v. Satz, No. SC16-120, 2016 WL 1171919 (Fla. Mar. 24, 2016) (quo warranto petition dismissed); Pray v. Jones, 192 So. 3d 40 (Fla. 2015) (habeas petition dismissed as unauthorized); Pray v. Jones, 182 So. 3d 634 (Fla. 2015) (table) (habeas petition dismissed as unauthorized); Pray v. Jones, 160 So. 3d 897 (Fla. 2015) (table) (habeas petition dismissed); Pray v. Crews, 153 So. 3d 908 (Fla. 2014) (table) (habeas petition dismissed as unauthorized); Pray v. State, 153 So. 3d 908 (Fla. 2014) (table) (prohibition petition denied); Pray v. State, 147 So. 3d 526 (Fla. 2014) (table) (prohibition petition dismissed in part and denied in part); Pray v. State, 130 So. 3d 1277 (Fla. 2013) (table) (all writs petition dismissed); Pray v. State, 79 So. 3d 745 (Fla. 2012) (table) (mandamus petition dismissed); Pray v. State, 84 So. 3d 1032 (Fla. 2012) (table) (mandamus petition dismissed as moot); Pray v. State, 36 So. 3d 84 (Fla. 2010) (table) (mandamus petition dismissed as moot).

Pray filed a response to the order to show cause in which he argues that the Court should have addressed the merits of his mandamus petition. However, Pray's response fails to offer any justification for his use, or express any remorse for his repeated misuse, of the Court's limited judicial resources.

This Court has exercised its inherent authority to sanction litigants who abuse the judicial process and burden its limited resources with repeated requests for relief that are either frivolous or devoid of merit. E.g., Nelson v. Crews, 110 So. 3d 890, 891 (Fla. 2013); Green v. Tucker, 101 So. 3d 358 (Fla. 2012). Pray's persistent filing of frivolous or meritless requests for relief is an abuse of the judicial process and has burdened this Court's limited judicial resources. Because Pray has repeatedly raised the same meritless arguments, and appears not to be dissuaded by dismissals and denials of relief, it is evident that Pray will continue to abuse the judicial process and burden this Court with frivolous and meritless filings challenging his convictions and sentences in circuit court Case No. 00-3032CF10A if no action is taken.

Accordingly, the Clerk of this Court is hereby directed to reject any future pleadings or other requests for relief submitted by Chadrick V. Pray that pertain to circuit court Case No. 00-3032CF10A, unless such filings are signed by a member in good standing of The Florida Bar. Henceforth, Pray may only petition the Court about his convictions or sentences in Case No. 00-3032CF10A through the

assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith.

Additionally, we find that the petition filed by Chadrick V. Pray in this case is a frivolous proceeding brought before this Court by a state prisoner. See § 944.279(1), Fla. Stat. (2016). Consistent with section 944.279(1), Florida Statutes (2016), we direct the Clerk of this Court to forward a certified copy of this opinion to the Florida Department of Corrections' institution or facility where Pray is incarcerated. See Steele v. State, 14 So. 3d 221, 224 (Fla. 2009).

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

Original Proceeding – Mandamus

Chadrick V. Pray, pro se, Lake City, Florida,

for Petitioner

No appearance for Respondent