# Third District Court of Appeal

**State of Florida**


Opinion filed May 17, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-620
Lower Tribunal No. 90-274-K
_____

**Troy Singleton,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Troy Singleton, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before LAGOA, SCALES and LUCK, JJ.

PER CURIAM.

Troy Singleton appeals the trial court's denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).   Singleton

contends here, as he did before the trial court, that his thirty year habitual felony offender sentence for burglary was illegal because the trial court believed it did not have discretion to sentence him below the statutory maximum. Because Singleton qualified as a habitual felony offender, the thirty year sentence cannot technically be illegal for Rule 3.800(a) purposes as it is not the kind of punishment no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances. See Johnson v. State, 9 So. 3d 640, 640-41 & n.3 (Fla. 4th DCA 2009) ("Technically the sentence is not an illegal sentence. . . . [A] sentence is illegal if it imposes the kind of punishment no judge under entire body of sentencing statutes could possibly inflict under any set of factual circumstances.") (citing Carter v. State, 786 So. 2d 1173, 1180-81 (Fla. 2001)). We, therefore, treat Singleton's appeal as a petition for writ of habeas corpus, and deny it. See id. at 641 ("[W]e treat this appeal as a petition for a writ of habeas corpus and grant the petition to prevent a manifest injustice."); see also Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought . . . ."). As the trial court explained in its thorough order, "there is nothing in the record to support [Singleton's] contention that the sentencing court believed it had no option other than to sentence the Defendant to thirty years in prison." We, too, have reviewed the sentencing transcript and agree that the trial

2

court understood it had discretion and considered (and rejected) Singleton's plea for a lower sentence. For these reasons, Singleton's petition is denied.

Petition denied.