# Third District Court of Appeal

## State of Florida

Opinion filed January 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2438
Lower Tribunal No. F98-17219C
_____

**George St. Florant,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Law Offices of Michelle Walsh, P.A., and Michelle R. Walsh, for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before EMAS, LOGUE, and LINDSEY, JJ.

PER CURIAM.

Affirmed.  See Denson v. State, 775 So. 2d 288 (Fla. 2000) (applying res judicata to deny a petition for writ of habeas corpus where defendant raised the same claim in a prior postconviction motion decided against him on the merits and defendant had exhausted all appropriate appellate review); see also State v. McBride, 848 So. 2d 287 (Fla. 2003) (recognizing a "manifest injustice" exception to a claim otherwise barred by application of res judicata or collateral estoppel but holding that application of such a bar to defendant's successive motion did not result in a manifest injustice); State v. Weaver, 957 So. 2d 586, 589 (Fla. 2007) (reaffirming that for an erroneous jury instruction to rise to the level of fundamental error, it must "reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error" and holding that trial court's error in instructing jury on an alternative element not contained in the charging document did not rise to the level of fundamental error where the State did not present evidence or rely on that alternative element at trial (quoting State v. Delva, 575 So. 2d 643, 644–45 (Fla. 1991))).