# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D22-3046
LT Case Nos.  1989-CF-10710-A
1989-CF-10618-A
1989-CF-010711-A

———————————————

EDDIE JOE RICHARDSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

3.800 Appeal from the Circuit Court for Brevard County.
Tesha Ballou, Judge.

Mark H. Klein, of MHK Legal, PLLC, Coral Springs, for
Appellant.


Ashley Moody, Attorney General, Tallahassee, and Alyssa M.
Williams, Assistant Attorney General, Daytona Beach, for
Appellee.

September 15, 2023

PER CURIAM.

AFFIRMED.


MAKAR and EISNAUGLE, JJ., concur.
LAMBERT, J., concurs specially, with opinion.

LAMBERT, J., concurring specially.

Eddie Joe Richardson appeals the denial of his "Motion for Postconviction Relief to Correct an Illegal Sentence and Petition for Writ of Habeas Corpus to Correct a Manifest Injustice." For the following reasons, I agree with the majority's affirmance of the postconviction court's denial order.

Richardson was charged in 1989 by the State of Florida in three separate cases with committing the crime of robbery with a firearm. Robbery with a firearm, then and now, is a first-degree felony, punishable by up to life in prison. *See* § 812.13(2)(a), Fla. Stat. (1989).

Based on his prior criminal history, Richardson also qualified for sentencing as a habitual violent felony offender ("HVFO") under section 775.084(4)(b)1.1, Florida Statutes (1989). This statute provided that a defendant who committed a felony of the first degree "may" be sentenced to up to life in prison and shall not be eligible for release for fifteen years. Pertinent to one of the issues here, sentencing under the HVFO statute is permissive, not mandatory. *See Burdick v. State*, 594 So. 2d 267, 267–68, 271 (Fla. 1992) (holding that while first-degree felonies punishable by a term of years not exceeding life are subject to enhancement under the HVFO statute, sentencing under the HVFO statute is permissive, not mandatory).

In December 1989, Richardson tendered an open guilty plea to the sole charge in each case. During the plea colloquy, Richardson admitted to possessing a firearm when he robbed three separate convenience stores in Brevard County. The trial court accepted Richardson's plea. At the sentencing hearing held the following month, the court adjudicated Richardson guilty on each count and sentenced him as an HVFO to serve life in prison, with the sentences to be served concurrently. The trial court found that the HVFO sentence was necessary to protect the public. It explained that Richardson had previously been convicted of

2

robbery with a deadly weapon for which he had been released from prison within three years of the instant crimes. The court also found that Richardson had previously been charged with committing robbery with a weapon in two other earlier cases, to which he pled to reduced charges of grand theft and served prison sentences.

Richardson appealed his convictions and life sentences. His sole argument raised on direct appeal for reversal was that the HVFO statute was unconstitutional. This court affirmed Richardson's judgments and sentences without opinion. *Richardson v. State*, 569 So. 2d 1289 (Fla. 5th DCA 1990). The following year, Richardson timely filed a Florida Rule of Criminal Procedure 3.850 motion for postconviction relief, which the lower court summarily denied. Richardson's untimely appeal of this order was dismissed by this court for lack of jurisdiction.

Over the next two decades, Richardson filed a litany of unsuccessful, variously-titled pro se petitions and motions attempting to attack his convictions or sentences. The lower court's denials of these petitions or motions were affirmed by this court on appeal without opinion. Due to Richardson's numerous filings, he was eventually barred under *State v. Spencer*, 751 So. 2d 47 (Fla. 1999), from further pro se filings in this court challenging his judgments and sentences. *See Richardson v. State*, 76 So. 3d 1078 (Fla. 5th DCA 2011).[1]

Approximately ten years after this bar, Richardson, now through counsel, filed the previously described "Motion for Postconviction Relief to Correct an Illegal Sentence and Petition for Writ of Habeas Corpus to Correct a Manifest Injustice."[2] The relief sought by Richardson was to be resentenced. He made two arguments. First, Richardson asserted that the trial court's comments at both the December 1989 change of plea hearing and the January 1990 sentencing conclusively showed that when the court sentenced him as an HVFO to serve life in prison, it did so under the assumption or premise that Richardson would be

---

[1] Richardson was later similarly barred in the circuit court.

[2] This was Richardson's nineteenth postconviction motion.

eligible for release from prison after serving only fifteen years, which was not the case.[3]  Second, Richardson alleged that based on its comments at these hearings, the trial court believed that it was mandatory under the HVFO statute to impose a life sentence when, in fact, the court had the discretion to impose less than life in prison.  *See Burdick*, 594 So. 2d at 267–68.  Richardson argued in his motion that as his life sentences were based on these two fundamentally incorrect assumptions, resentencing is necessary to correct a "manifest injustice."

The postconviction court denied Richardson's motion for four reasons.  First, the court found that to the extent that Richardson was seeking relief under rule 3.850, his motion was untimely.  Second, citing to *Johnson v. State*, 114 So. 3d 205, 206 (Fla. 5th DCA 2012), the court determined that the remedy of habeas corpus could not be used as a substitute to the filing of a rule 3.850 motion or to otherwise expand the two-year filing requirement under rule 3.850.

Third, the court found that Richardson was not entitled to relief because both of the grounds that he asserted in his motion had previously been raised and denied in earlier postconviction proceedings that were later affirmed on appeal.  Lastly, the court determined that Richardson was not entitled to relief under Florida Rule of Criminal Procedure 3.800(a) because his life sentences were, in fact, legal.

As previously indicated, I concur with the majority's affirmance.  As to Richardson's claim brought under rule 3.800(a) to correct an illegal sentence, for a sentence to be correctable under this rule, it must be one that "imposes a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." *Carter v. State*, 786 So. 2d 1173, 1181 (Fla. 2001) (quoting *Blakley v. State*, 746 So. 2d 1182, 1187 (Fla. 4th DCA 1999)).  Here, Richardson's sentences of life in prison were lawful under the HVFO statute, as

---

[3] A defendant serving a life sentence under the habitual offender sentencing statute was ineligible for parole or gain time. *See Lewis v. State*, 625 So. 2d 102, 103 (Fla. 1st DCA 1993) (citations omitted).

well as under section 812.13(2)(a); and his motion to correct an illegal sentence was appropriately denied by the postconviction court.

Next, to the extent that Richardson's brief reference in his motion to rule 3.850(m) indicated an intent to seek relief under this rule, the postconviction court correctly recognized that his motion was untimely. Rule 3.850 requires that the motion be filed within two years of the judgment and sentence being final. *See* Fla. R. Crim. P. 3.850(b). Richardson's judgments and sentences were final in December 1990 when the mandate issued after his unsuccessful direct appeal. Moreover, none of the exceptions under subsections (b)(1)–(3) to the rule's two-year filing requirement are applicable here.

Having addressed these claims, I turn to Richardson's primary argument that the lower court erred in denying him habeas corpus relief to correct the two alleged sentencing errors previously described. The postconviction court denied that aspect of Richardson's motion for two reasons. First, the court found that these claims now being raised were previously unsuccessfully raised by Richardson and that his appeals of the denial orders were later affirmed. In doing so, the lower court correctly recognized that, to the extent that Richardson's specific claims had, in fact, been previously denied and the denial orders were subsequently affirmed on appeal, it lacked the authority to grant any relief that would be contrary to the earlier decisions of an appellate court on the same issue. *See Brunner Enters., Inc. v. Dep't of Rev.*, 452 So. 2d 550, 552 (Fla. 1984) (recognizing that a lower court is precluded from granting relief on matters that would be contrary to earlier appellate court affirmances on the same issues).

Secondly, to the extent that these claims were being raised for the first time, the lower court properly determined that habeas corpus relief is not available as a substitute to litigate claims that could have been raised in an earlier timely-filed rule 3.850 motion. *See Baker v. State*, 878 So. 2d 1236, 1241 (Fla. 2004).

Richardson's appeal appears to also be some form of petition seeking habeas corpus relief directed to this court. Richardson essentially argues that we should correct what he believes were earlier failures by this court in not granting him relief from these

alleged sentencing errors. *See Singleton v. State*, 219 So. 3d 233, 233–34 (Fla. 3d DCA 2017) (affirming the denial of the defendant's rule 3.800(a) motion to correct illegal sentence asserting that the trial court erred in believing it lacked discretion when sentencing the defendant, a habitual felony offender, to anything below the statutory maximum, but treating the defendant's appeal as a petition for writ of habeas corpus under Florida Rule of Appellate Procedure 9.040(c) and denying the petition).

While Richardson is correct that, in very rare circumstances, an appellate court may, by way of habeas corpus, reconsider an earlier decision or opinion on a matter that was decided in the prior appeal if a "manifest injustice" will result by the failure to do so, *see Vega v. State*, 288 So. 3d 1252, 1258 (Fla. 5th DCA 2020) (citing *Strazzulla v. Hendrick*, 177 So. 2d 1, 4 (Fla. 1965)), that circumstance is not applicable here. Assuming, for the sake of argument, that Richardson is correct that the trial court did commit sentencing errors back in 1990 when it interpreted the HVFO statute as requiring that he sentence Richardson to life in prison but that Richardson would still be eligible for release from prison after serving fifteen years of his life sentence, these arguments were not made on direct appeal.

In other words, we did not err in failing to correct these alleged sentencing errors during Richardson's 1990 direct appeal. This fact distinguishes the decisions of our sister courts in *Johnson v. State*, 9 So. 3d 640 (Fla. 4th DCA 2009), and *Stephens v. State*, 974 So. 2d 455 (Fla. 2d DCA 2008), upon which Richardson relies, which granted habeas corpus relief to correct a fundamental sentencing error that each court acknowledged should have been first recognized and corrected during the direct appeal. Nor, for that matter, did Richardson seek habeas corpus relief following his unsuccessful direct appeal for ineffective assistance by his appellate counsel in not raising these purported sentencing errors during the direct appeal. *See Groover v. Singletary*, 656 So. 2d 424, 425 (Fla. 1995) ("A petition for a writ of habeas corpus is the appropriate vehicle to raise claims of ineffective assistance of appellate counsel." (citing *Knight v. State*, 394 So. 2d 997, 999 (Fla. 1981))).

Following his direct appeal, Richardson timely filed a rule 3.850 motion in 1991 seeking postconviction relief. One of the

6

grounds for relief that Richardson raised in that motion was that his guilty pleas were involuntary due to his being misled by comments from the trial court that he would be eligible for release from prison on parole after serving fifteen years of the mandatory life sentences. Notably, the trial judge who imposed the life sentences rejected this argument in denying Richardson's rule 3.850 motion.

Richardson appealed this denial order, but was untimely in doing so. Resultingly, his appeal was dismissed for lack of jurisdiction. As such, Richardson's untimeliness back then foreclosed our jurisdiction, and hence our ability, to correct these alleged sentencing errors.

In 1994, Richardson began filing what, over the years, were variously-titled pro se motions seeking relief. It was not, however, until 1999 before Richardson arguably attempted to raise the sentencing errors that he has asserted in the motion now before us. By that time, any motion from Richardson seeking postconviction relief that could have been brought under rule 3.850 was grossly untimely. Moreover, Richardson could not use the vehicle of habeas corpus in lieu of filing an appropriate rule 3.850 motion for postconviction relief or to otherwise raise claims that could have been raised in timely postconviction proceedings. *See Zuluaga v. State, Dep't of Corr.*, 32 So. 3d 674, 676 (Fla. 1st DCA 2010) (quoting *Harris v. State*, 789 So. 2d 1114, 1115 (Fla. 1st DCA 2001)); *see also Teffeteller v. Dugger*, 734 So. 2d 1009, 1025 (Fla. 1999) ("[H]abeas corpus petitions are not to be used . . . on questions which could have been . . . or were raised on appeal or in a rule 3.850 motion . . . ." (citation omitted)). Richardson was seemingly aware of these limitations, having titled his motion for relief filed in 2000 as one seeking "to define or clarify sentence," and his motion filed in 1999 as one seeking a "declaratory judgment."

Admittedly, Richardson was not precluded from filing a rule 3.800(a) motion to correct an illegal sentence, even decades after his judgments and sentences became final. However, rule 3.800(a) is not the vehicle to be used to challenge the procedure used to impose punishment. *See Martinez v. State*, 211 So. 3d 989, 992 (Fla. 2017); *Judge v. State*, 596 So. 2d 73, 77–79 (Fla. 2d DCA 1992). As is probably apparent, Richardson's complaint is not that

7

the sentence is unlawful; rather, he contends that the process or procedure in its imposition was flawed.  Because Richardson's life sentences are lawful, his various motions that were filed under this rule over the past decades were necessarily meritless.

Richardson's hope is that we essentially conclude that our court's long-ago affirmances of orders denying his untimely and unauthorized motions for postconviction relief were "manifestly erroneous," justifying habeas corpus relief in the form of a new sentencing hearing.  I do not, however, equate our earlier affirmances without opinion ("PCAs") of appeals from the denial of such motions as constituting a significant failure on our part that now justifies habeas corpus relief.  *See Moultrie v. State*, 310 So. 3d 533, 534 (Fla. 1st DCA 2021) (dismissing habeas corpus petition because habeas corpus may not be used in place of raising claims that could have been brought on direct appeal or in an *appropriate* postconviction motion).  Had Richardson's current petition for habeas corpus been filed directly with this court and had it been his only postconviction effort since the dismissal of his untimely appeal in 1991 of the denial of his first rule 3.850 motion, there would be no basis for granting him relief some thirty years later.  That Richardson has filed numerous untimely and unauthorized motions in the interim does not change this.

The purpose of a habeas corpus proceeding is to inquire into the legality of a petitioner's present detention, not to challenge the judicial action that placed the petitioner in jail or prison.  *Jones v. Fla. Parole Comm'n*, 48 So. 3d 704, 710 (Fla. 2010).  And while the writ of habeas corpus is one of the most important and protected rights under the Florida Constitution, *id.*, "the right to habeas relief, like any other constitutional right, is subject to certain reasonable limitations consistent with the full and fair exercise of the right."  *Haag v. State*, 591 So. 2d 614, 616 (Fla. 1992).  In my view, one of these reasonable limitations is that a petition for a writ of habeas corpus is not to be used as a second appeal or "to litigate or relitigate issues that were or could have been raised on direct appeal or in prior postconviction proceedings." *See Denson v. State*, 775 So. 2d 288, 289 (Fla. 2000).

If Richardson were currently serving a sentence in excess of what he could lawfully be serving and had our court failed during an earlier appeal to correct such an error when properly presented

to us, then I would agree that this would be one of the "rare circumstances" for an appellate court to correct its earlier erroneous decision in the same case.  That, however, is not the present scenario.

_____

*__Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.__*

_____

9